BROWN v. LAURENS COUNTY.

NON-SUIT—DEFECT IN BRIDGE—PROXIMATE CAUSE.—While plaintiff was driving her horse and buggy on a bridge across a public stream, the horse shied at a piece of timber which had been put there for the purpose of repairing the bridge, and the buggy was backed over the side of the bridge at a point where there were no side railings, and plaintiff was thrown into the stream below and injured. The trial judge having granted a non-suit, this court declined to declare error in his order; because, even if the absence of the railing could be called a defect in the repair of a bridge, it was not shown to have been the proximate cause of the accident.

Before FRASER, J., Laurens, February, 1892.

This was an appeal from a purely formal order granting a non-suit.

*Messrs. Richey & Johnson*, for appellants, *cited* Whart. Negl., §§ 86, 103, 104, 974, 984.

*Mr. R. C. Watts*, contra.

February 15, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action was instituted by the plaintiffs, appellants, against the defendant, respondent, in the Court of Common Pleas for Laurens County, January 11, 1892, to recover damages for personal injuries sustained by Sarah J. Brown, while crossing a public bridge in Laurens County. Sarah J. Brown is the wife of the other plaintiff, J. D. Brown. The case was tried at the February term (1892), before his honor, Judge Fraser, and a jury. At the close of plaintiffs' testimony, defendant moved for a non-suit, on the ground that the cause of the injury was "a frightened horse, not a defective bridge." Non-suit was ordered, and from the order and judgment thereon the plaintiffs appeal to this court,

on the following grounds: I. Because his honor erred in holding that a frightened horse, and not a defective bridge, was the proximate cause of the injury. II. Because his honor erred in not allowing the question to go to the jury, under proper instructions, to determine the proximate cause of the injury. III. Because there was abundant evidence on the point of defect in the bridge, and that the injury occurred at the place of such defect, and his honor erred in not allowing the case to go to the jury.

This case is very much like that of *Acker* v. *County of Anderson*, 20 S. C., 498, except that there the case went to the jury, and here there was a non-suit. A non-suit is proper only when there is a total failure of material evidence. But when there is such a failure on the part of the plaintiff, the defendant has the legal right to stop further proceedings by a motion for a non-suit; and it is the province of the judge to decide whether there is or is not material evidence which ought to go to the jury. The only question here was, whether Mrs. Brown's injuries were received "through a defect in the repair of the bridge." We have carefully read the testimony, and stating the facts as concisely as possible, it seems that the plaintiffs and their little child, in a one horse buggy, were crossing the Burnt Factory Bridge over a small stream, viz, Rabun's Creek, and while on the bridge the horse took fright at a piece of timber, which was lying near for the purpose of repairing the bridge, and backed the buggy transversely off the bridge where there was no railing, throwing the parties into the stream, and injuring Mrs. Brown in her right foot and ankle. There was no allegation of any "defect in the repair of the bridge," except the absence of one piece of railing or banister. That alone could not, with any propriety, be called such "a defect in the repair" as the law contemplates.[1] But if so, there was no material evidence that the absence of the banister was the cause, the proximate cause, of the injuries. All that is claimed upon this point is, that "the injuries occurred at the point of the missing railing." We agree with the appellants'

[1] General Statutes, § 1087.

counsel, that it is not necessary in this case to go into a discussion of the metaphysical doctrine of "the causes of causes." We can not say that his honor, the judge, erred in granting the non-suit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

