MASON v. COUNTY OF SPARTANBURG.

1. DEFECT IN BRIDGE—PROXIMATE CAUSE.—Where a horse becomes frightened as he steps upon a bridge under which is a hole, and backs and turns the buggy over the edge of the causeway approaching the bridge, and plaintiff is thrown out and injured by the rocks and timbers of the causeway falling upon him, by reason of the rottenness of the log or beam at the edge of the causeway, the cause of plaintiff's injury is not any "defect in the repair of a highway, causeway, or bridge," but the fright of his horse, even though such fright was caused, as plaintiff thought, by the hole under the bridge.

Before WALLACE, J., Spartanburg, July, 1893.

Action by S. E. Mason against the County of Spartanburg, commenced September 17, 1892, to recover damages for injuries sustained in February, 1892. According to plaintiff's testimony, while attempting to cross a bridge over a creek in a buggy with his wife, the horse, as he put his forefeet on the bridge, became frightened by a large hole under the bridge, and backing, threw the buggy with its occupants over the edge of the causeway, the approach to the bridge, and the timbers that formed the edge of the causeway, being rotten, gave way, and these timbers, together with the rocks that had been thereby held in place, rolled down upon plaintiff, broke his leg, and otherwise injured him. The appeal is from an order of non-suit.

*Messrs. Duncan & Sanders*, for appellant.

*Messrs. Bomar & Simpson*, contra.

February 21, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action against the County of Spartanburg for damages on account of personal injuries alleged to have been sustained through defects in the repair of a highway of the said county. The complaint, among other things, alleged that in the month of February, 1892, the plaintiff was in his buggy, driving over and along a certain highway of the County of Spartanburg, where it approaches Ferguson's Creek at or near its mouth, intending to cross said creek over a causeway and bridge, when, owing to the defects and want of repair, and improper construction of the highway, abutments of the bridge, and the bridge itself, the animal he was driving "became a little frightened," as plaintiff believes, at a large hole, which had been allowed to appear in and across said highway, extending almost the whole breadth of said highway, just where the timbers of the bridge rest on the embankment, and a portion of the said causeway and abutments of said bridge, consisting of dirt, timbers, and rock, gave way, and the plaintiff and his buggy, along with said dirt, rocks, and timbers, were thrown violently down the said embankment, thereby breaking his leg, and otherwise wounding and bruising him, causing great mental and physical pain, and disabling

him, to his damage in the sum of $3,500, &c. The defendant
county answered: *First.* Denying each and every material al-
legation of the complaint. *Second.* Alleging that whatever in-
juries the plaintiff received, at the time and place stated in the
complaint, were caused by, and the result of, his own careless-
ness and negligence; and the defendant was in no way respon-
sible therefor.

The cause came on for trial before his honor, Judge Wallace,
and a jury. The plaintiff offered his testimony, which is all in
the Brief, and when he rested, the defendant company moved
for a non-suit, on the ground that there was no evidence tend-
ing to prove that the plaintiff had been injured *through a defect*
in the highway, causeway, or bridge, but that the injury was
caused by his horse becoming frightened, which motion, after
argument, was granted; and the plaintiff now appeals to this
court to reverse the order of non-suit upon the following
grounds: I. That his honor erred in holding that there was no
evidence tending to show that the injuries complained of were
caused by a defect in the repair of the highway, causeway, or
bridge. II. In not submitting the case to the jury and allow-
ing them to say whether or not the injuries complained of
were caused by a defect in the repair of the highway, cause-
way, or bridge. III. In ruling and holding that there was no
evidence of the facts alleged in the complaint for the jury to
pass upon. IV. In granting the motion for a non-suit, after
evidence had been introduced tending to prove that the plain-
tiff had received bodily injury through a defect in the abut-
ment or causeway and the bridge," &c.

The exceptions may be considered together, as they all, in
different forms, make the same question, whether there was
any evidence tending to show injury to the plaintiff,
1 *through a defect* in the repair of the highway or bridge,
which the presiding judge should have submitted to the
jury. There certainly was evidence that the plaintiff received
injury, and that it was caused by the backing and suddenly
turning of the horse; that, in order, was caused by the fright
of the horse, and it is only the opinion of Mr. Mason that the
fright was caused by the hole under the bridge, after the fore-

feet of the animal were on the bridge. In what respect was that a defect, and how did it cause the injury? Upon this point we have examined the evidence closely, and we think that the testimony of both Mr. Mason and his wife (who was in the buggy with him) show that the injury was not received *through* the hole under the end of the bridge, but from the fright of the horse. The plaintiff testified that Mrs. Mason was in the buggy with him. "They had a bridge to cross over Ferguson's Creek. They were driving along and came to the bridge. My horse stepped his *forefeet* on the bridge; there was a hole under the bridge, where it struck the abutment. My horse shied and turned entirely; as she wheeled and turned, threw me over the abutment, and as I fell, the rock and several timbers that were rotten fell, and my leg was broken, and I was nearly killed." Mrs. Mason testified that *"she* [the animal to the buggy] was a new horse, and I had not been riding behind her; our other horse I could drive myself. I did not object [to going over the bridge], but I asked Mr. Mason if he was not going to lead over. I was run off a bridge once before, and after that I always wanted some one to lead over," &c. We see no error in the order for non-suit. See *Acker* v. *Anderson County*, 20 S. C., 498, and *Brown* v. *Laurens County*, 38 *Id.*, 282.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.