8624

### TUCKER v. CLINTON COTTON MILLS.

1. ATTRACTIVE NUISANCE—NONSUIT—VERDICT.—Where the testimony tends to prove all the material allegations of the complaint as to the maintenance of an unprotected pond in which a child of tender years was drowned, motions for nonsuit and direction of verdict on ground that there was failure to establish these allegations were properly refused.

2. CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISKS—ISSUES.—Where the evidence as to contributory negligence and assumption of risks is susceptible of more than one inference, those issues should be sent to the jury.

3. CHARGE—REQUESTS.—Where the Judge embodies in his general charge the substance of requests there is no error.

Before F. B. GARY, J., Laurens, July term, 1912. Affirmed.

Action by Nannie Tucker, administratrix of Roy Tucker, against Clinton Cotton Mills. Defendant appeals.

*Messrs. T. P. McGowan, Richey & Richey,* for appellant, cite: *There was a variance between the allegations of manner*

*of death and proof:* 47 S. C. 30; 45 S. C. 278.   *Law of
master and servant applies:* 81 S. C. 16; 83 S. C. 19; 26
Cyc. 1080, 1202, 1088, 1244; 63 S. C. 170; 4 Ency. 46; 72
S. C. 242, 348; 80 S. C. 232; 58 S. C. 413; 29 Cyc. 542,
555.   *Contributory negligence:* 4 Ency. 47; 14 Ency. 861;
100 Ind. 293; 28 Ind. 28; 58 S. C. 413; 76 S. C. 539.   *The
law of emergency:* 29 Cyc. 524, 446-7; 4 Ency. 38; 17
S. E. 38.

*Messrs. Cannon & Blackwell,* contra, cite: *Point not
called to attention of trial Judge will not be considered:* 63
S. C. 559; 61 S. C. 404; 69 S. C. 555; 64 S. C. 229; 75 S. C
25; 80 S. C. 460.   *Issue of negligence was for jury:* 65 S.
C. 332; 61 S. C. 345.   *As to relation of master and servant:*
64 S. C. 212; 74 S. C. 16; 83 S. C. 342; 78 S. C. 10.   *As to
assumption of risk:* 80 S. C. 539; 75 S. C. 390; 61 S. C.
468.   *As to contributory negligence:* 58 Am. R. 463; 96
Am. St. R. 459; 101 Id. 283; 33 Id. 690.   *Covering requests
in general charge is sufficient:* 72 S. C. 74; 65 S. C. 161.

July 25, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an action for damages, alleged to have been sustained by the plaintiff, on account of the wrongful acts of the defendant, in causing the death of her intestate son.

The allegations of the complaint material to the questions presented by the exceptions, are as follows:

(1) "That on the 23d day of June, 1911, and prior thereto, the defendant, Clinton Cotton Mills, owned, maintained and used in connection with its cotton mill at Clinton, South Carolina, a large and deep dam or reservoir, which it kept filled with water, to be used in connection with its said cotton mill, the said dam or reservoir being located near the Clinton Cotton Mills, public streets and many of the resi-

dences of the town of Clinton, where children of tender years were accustomed to resort for play, the said dam or reservoir not being protected by a fence, guard or otherwise, but was exposed and easily accessible to children, who, not knowing of the danger, made use of it as a place of amusement.

(2) "That it was the duty of the defendant, Clinton Cotton Mills, to have securely protected the said dam or reservoir, so that children resorting to it as a place of amusement, would not be injured, but the said defendant, not regarding its duty in that behalf, carelessly, negligently, wilfully, and wantonly permitted the said dam or reservoir, to be and remain uninclosed or unprotected in any way.

(3) "That the defendant, Clinton Cotton Mills, knew of the unprotected condition of said dam or reservoir, and that children resorted there as a place of amusement, which facts this plaintiff is informed and believes, and so alleges had been more than once called to the attention of the defendant, with the request that the said dam or reservoir be properly protected.

(4) "That the plaintiff's intestate, Roy Tucker, a small boy of tender years, being about fourteen years of age, while playing around said dam or reservoir on the 23d day of June, 1911, fell into the said dam or reservoir, which was filled with water, and was drowned; that the plaintiff is the mother of the said Roy Tucker, deceased, for whose benefit this action is brought and maintained.

(5) "That the dam or reservoir mentioned aforesaid was so constructed and used by the defendant, Clinton Cotton Mills, that the hot water from its boilers and other portions of said mills was run back into said dam or reservoir, and that at the time said Roy Tucker fell into said dam or reservoir and drowned, the water was almost scalding hot.

(6) "That Roy Tucker was an employee of the said defendant, Clinton Cotton Mills, at the time of his death, and was at work for the defendant on said date, and that the

plaintiff, the mother of the said Roy Tucker, had previously requested the said defendant not to allow her son to leave the said cotton mill, until its regular stopping hour for dinner or otherwise, which the defendant negligently, carelessly, wilfully and wantonly disregarded on the day that her son was drowned."

The defendant denied the alleged wrongful acts, and by way of defense alleged: "That the said Roy Tucker was well acquainted with the character, conditions and surroundings of the said mill pond and was of a sufficient intelligence and capacity to comprehend and understand its dangers, and so carelessly, recklessly and negligently jumped across a gap in the dam in said pond, and thereby induced his younger brother to attempt to leap across the said gap in said pond, and caused his younger brother to fall therein, and so carelessly and negligently attempted to rescue his younger brother from drowning in said pond, that he thereby contributed to his death as a proximate cause thereof, without which his death would not have occurred."

The defendant also set up the defense of assumption of risk, both as to Roy Tucker and the plaintiff.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit, which was refused; and, at the conclusion of all the testimony, it made a motion for the direction of a verdict on the same grounds as the motion for nonsuit, which was also refused.

The jury rendered a verdict in favor of the plaintiff for one thousand dollars. The defendant made a motion for a new trial, which was overruled. The defendant then appealed upon numerous exceptions.

There was testimony tending to prove all the allegations of the complaint hereinbefore mentioned. Therefore, the exceptions assigning error, in the refusal to grant the motion for nonsuit, on the ground that there was a failure of testimony to establish the material allegations of the complaint, must be overruled.

Conceding that there was testimony to the effect that Roy Tucker was guilty of contributory negligence, and that Roy Tucker and the plaintiff assumed the risks incident to his employment. Nevertheless, the testimony is susceptible of more than one inference, and those issues were properly submitted to the jury.

The defendant presented certain requests to charge, which his Honor, the presiding Judge, did not charge in the form in which they were presented, but stated that he would endeavor to embrace them in his general charge, which he did.

The exceptions assigning error in this respect, are, therefore, without merit.

There are exceptions assigning error in certain portions of his Honor's charge, but when the charge is considered in its entirety, it will be seen that there was no prejudicial error. The charge was full, clear, and able, and fairly presented to the jury, the law applicable to the case.

The exceptions assigning error on the part of the presiding Judge, in stating the issues raised by the pleadings cannot be sustained, as it does not appear that he was requested to make the necessary correction.

None of the other exceptions can be sustained, for, even conceding there was error in the particulars therein specified, it has not been made to appear, that it was prejudicial.

Judgment affirmed.