8755

## TUCKER v. CLINTON COTTON MILLS.

MASTER AND SERVANT—ATTRACTIVE NUISANCES—ISSUES.—When the evidence shows that a child employed by a manufacturing company fell into a pond maintained by the company and drowned and that he was guilty of contributory negligence and he and his mother assumed the risk of his employment, but the testimony is also susceptible of more than one inference, nonsuit should not be granted.

Before PRINCE, J., Laurens, Spring term, 1912.   Reversed.

Action by Nannie Tucker, administratrix of Thomas Tucker, against Clinton Cotton Mills.   Plaintiff appeals.

*Messrs. Cannon & Blackwell,* for appellant, cite: 25 S. C. 28; 66 S. C. 47; 84 U. S. 745; 27 L. R. A. 206; 78 S. C. 10.

*Messrs. F. P. McGowan* and *Richey & Richey,* contra, cite: *Relation of master and servant:* 81 S. C. 16; 83 S. C. 16; 26 Cyc. 1080, 1202, 1086, 1088; 63 S. C. 170; 4 Ency. 46; 26 Cyc. 1224; 72 S. C. 242; 72 S. C. 348; 80 S. C. 232; 58 S. C. 413; 29 Cyc. 542, 555. *Contributory negligence:* 4 Ency. 47; 14 Cyc. 861; 100 Ind. 293; 28 Ind. 28; 58 S. C. 413; 75 S. C. 539. *Dangerous instruments as to children of tender years:* 83 S. C. 343; 78 S. C. 10; 29 Cyc. 472. *Negligence of fellow servants:* 15 S. C. 456; 51 S. C. 79.

March 18, 1914.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an appeal from an order of nonsuit.

The allegations of the complaint, the defenses upon which the defendant relied, and the testimony are substantially the same as in the case of *Tucker* v. *Clinton Cotton Mills,* 95 S. C. 302.

Roy Tucker and Thomas Tucker were brothers, and were drowned in the same pond and at the same time.

The action in *Tucker* v. *Clinton Cotton Mills,* 95 S. C. 302, was brought to recover damages for the alleged wrongful acts of the defendant, in causing the death of Roy Tucker, who was about fourteen years of age at the time of his death.   The present action is to recover damages for the alleged wrongful acts of the defendant, in causing the death of Thomas Tucker, who was about ten years of age when drowned.

In the former case there was a motion for a nonsuit which was refused, and the jury rendered a verdict in favor of the plaintiff for one thousand dollars.   In that case this Court said : "There was testimony tending to prove all the allegations of the complaint.   Therefore the exceptions assigning error, in the refusal to grant the motion for nonsuit, on the ground that there was a failure of testimony to establish the material allegations of the complaint, must be overruled. Conceding that there was testimony to the effect that Roy Tucker was guilty of contributory negligence, and that Roy Tucker and the plaintiff assumed the risks incident to his employment, nevertheless the testimony is susceptible of more than one inference, and those issues were properly submitted to the jury."   What was then said is applicable to the present case.

The respondent's attorneys served notice that they would ask, that the order of nonsuit be sustained upon additional grounds.   What has already been said, shows that they can not be sustained.

It is the judgment of this Court, that the order of nonsuit be set aside, and the case remanded to that Court for a new trial.

MR. JUSTICE GAGE.   *I concur in this opinion; but I do so only because of the opinion in 95 So. Ca. 302.   That cause, in effect, adjudicated the issues herein made; for both causes arose out of the same transaction.*