## 9873

## SEXTON v. NOLL CONST. CO.

### (95 S. E. 129.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.—The rule of the common law that a child under seven years of age is conclusively presumed incapable of committing crime prevails as the test for determining his capacity to be guilty of contributory negligence.

2. APPEAL AND ERROR—CONFLICTING EVIDENCE—REVIEW.—In action for injuries to infant, where testimony whether he was under seven years of age conflicts, the Court will consider the issues as if the defense of contributory negligence had not been pleaded.

3. NEGLIGENCE — ATTRACTIVE DANGEROUS INSTRUMENTALITIES — DUTY TO CHILDREN.—Generally the occupant owes the same duty to adults and children who go on the premises by invitation, and is not required to keep them in a safe condition for the benefit of trespassers or licensees; no new duty arising until he maintains a dangerous instrumentality which tends to attract children, or when a dangerous instrumentality not attractive is so exposed that children are likely to come in contact with it, in which cases he must exercise ordinary care to prevent their injury.

4. NEGLIGENCE—ACTIONS—PROXIMATE CAUSE.—In action for injuries to infant, where complaint specified two grounds of negligence, the negligence specified must be shown to have been the proximate cause of the injury, regardless of whether defendant was guilty of some other negligence.     •

5. NEGLIGENCE—PROXIMATE CAUSE.—Where a paving company maintained an asphalt boiler, with a faucet for withdrawing the sub-

stance, and at some distance therefrom a sand pile, upon which children were accustomed to play, and plaintiff, an infant, in going to the sand pile, knowing of dangers of the pot, was burned when the faucet loosened and fell out, the falling out of the faucet was a proximate intervening cause, unforeseen, and against which defendant was not bound to guard.

6. NEGLIGENCE.—PROXIMATE CAUSE.—In such case, the defective condition of the faucet was not an obvious danger; the doctrine of master and servant, requiring the providing of reasonably safe and suitable appliances, not having been extended to trespassers or licensees.

Before RICE, J., Spartanburg, Spring term, 1916. Reversed.

Action by Joseph Sexton, an infant, by his guardian *ad litem.* Judgment on verdict for plaintiff, and defendant appeals.

*Messrs. Nicholls & Nicholls* and *John Gary Evans,* for appellant, submit: *In this case, where the injury was inflicted upon the private premises of the defendant, an entirely different rule, from that in cases where the instrumentality inflicting the injury was located in close proximity to the highway, applies:* L. R. A., 1916b, 947. *Under the allegations of the complaint and the evidence there can be no liability to the plaintiff unless it arises under the "doctrine of an attractive nuisance:"* 27 S. C. 456; 95 S. C. 230; 84 Vt. 370-79; Anno. Cases 1913 "a," 1025; 153 Cal. 572; 96 Pac. 84; 19 L. R. A. (N. S.) 1096; 137 Pac. 724; Anno. Case 229; 17 Wall. 657; — U. S. L. Ed. 749; 83 S. C. 342; 71 Ohio 121; 142 Pac. 344; Anno. Cases 1916 "c," 1085; 45 W. Va. 270; 43 L. R. A. 148; 31 S. E. 994; — L. R. A. 1916b, 947; 1 Street Foundation of Legal Liability 160-1; 78 S. C. 18; 21 Minn. 207; 11 Harvard Law Review 349, 334; 67 Minn. 279; 69 N. W. 899; 82 Minn. 60; 51 L. R. A. 645; 83 Am. St. Rep. 410; 84 N. W. 462; 208 N. Y. 374 (1913); 6 Negligence Compensation Cases 496; 125 Minn. 90; 52 L. R. A. (N. S.) 1173 (1914); 8 Negligence Compensation Cases 225; 79 S. E. 348; 8 Negligence Com-

pensation Cases 435; 53 Atl. 268; 162 S. W. 614; 100 Ill.
452; 71 Org. 125; 142 Pac. 246; Anno. Cases 1916c, 1085;
23 S. C. 540; 64 S. C. 533; 62 S. C. 46; Fed. Cases No.
9, 544; 58 Me. 384; — L. R. A. (N. S.) 29, p. 88; 45 W.
Va. 270; 43 L. R. A. 148; 31 S. E. 994; 190 Ala. 184;
Anno. Cases 1917 "a;" 146 Wis. 32; — L. R. A. 1225; 130
N. W. 953; 132 N. W. 346; Anno. Cases 1292 "c," 458; 156
Wis. 131; 145 N. W. 971; 52 L. R. A. 1173; 52 L. R. A.
185; 6 Negligence Compensation Cases (note) 179; 4 N. E.
Rep. 752; 86 S. W. 85; 52 L. R. A. (N. S.) 129; 145 N.
W. 971; 156 Wis. 131; 19 L. R. A. (N. S.) —; 65 Atl.
157; 79 Conn. 167; 31 L. R. A. 164; 29 L. R. A. (N. S.)
88; 24 L. R. A. (N. S.) 497; 31 L. R. A. (N. S.) 449; 127
N. C. 330; 52 L. R. A. 359; 37 S. E. 468; 90 Mo. 284; 59
Am. Rep. 17; 1 S. W. 865; 2 S. W. 417; 10 Allen 368; 87
Am. Dec. 644; 25 Mich. 5; 100 Pa. 144; 45 Am. Rep. 365;
148 Mich. 27; 111 N. W. 884; 19 L. R. A. (N. S.) 117;
148 N. C. 396; 62 S. E. 600.

*Messrs. Sanders & DePass,* for respondent, submit: *His
Honor could not grant the motion for nonsuit or to direct
a verdict:* 58 S. C. 80; 78 S. C. 10; 95 S. C. 230; Thompson
on Negligence, sections 1024 and 1039; 1 Street's Founda-
tions of Legal Liability 160-161; 2 Woods Rwry. Law,
section 321, *et seq.;* Bishop Non-Cont. Law 854; 7 Enc. of
Law 403-4; 27 L. R. A. (Ill.) 206; 44 L. R. A. (Kan.)
655-6; Cooley on Torts, 2d ed. 718; 1 Thomp. Neg. 303;
91 Tex. 60; 36 L. R. A. 573; 54 L. R. A. (Colo.) 284-5;
53 Mich. 507; 51 Am. Rep. 154; 19 N. W. 257; 21 Minn.
207; 18 Am. R. 393; Thompson on Negligence, section
1026.

January 28, 1918.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an action for damages, alleged to have been sus-
tained by the plaintiff, an infant.   The allegations of the

complaint, material to the questions involved, are as follows:

"That on or about the 4th day of September, 1914, the defendant had in its possession, use, and control a metal pot, tank, or receptacle containing melted asphalt, which it was necessary to maintain in a melted condition. That said receptacle was on a vacant lot near South Church street, one of the much traveled and public streets of the city of Spartanburg, and at a place where young children were accustomed to play—all of which was well known to the defendant."

"That said tank or vessel in which the aforesaid asphalt was melted had attached to it a pipe or faucet, out of which the said asphalt was allowed to flow. That the threads on said pipe or faucet had become worn, so that the same could readily and easily be removed, or become detached, from said pot or vessel."

"That on or about the 4th day of September, 1914, the plaintiff, Joseph Sexton, while passing near the said pot or vessel containing the asphalt, was seriously and permanently injured by said pipe or faucet becoming loose or detached from the pot or vessel thereof, permitting said melted asphalt to flow out of the pot or vessel with great force on the legs, arms and body of the said Joseph Sexton."

"That the wilfulness, wantonness, negligence and carelessness of the defendant consisted in the following: (1) In having and using a tank or vessel with a pipe or faucet attached thereto, that was old and worn in such manner that the said pipe or faucet was easy to become detached from the same. (2) In not having the faucet or pipe firmly attached to the aforesaid vessel containing the melted and hot asphalt, so that the same could not be readily and easily removed therefrom. (3) In not guarding and protecting said vessel and pipe in such manner, so as to prevent young children or other persons, from coming in contact with it, or getting too near to the same. (4) In not having a proper guard to warn young children, or other persons, of the

danger of getting near to the said vessel containing the aforesaid asphalt."

The defendant denied the allegations of the complaint and set up the defense of contributory negligence. At the close of the plaintiff's testimony the defendant made a motion for a nonsuit, which was refused. The jury rendered a verdict in favor of the plaintiff for $3,000, and the defendant appealed.

The first exception is as follows:

"In that his Honor erred in not granting the motion for a nonsuit, on the cause for actual damages, upon the following grounds: (a) Because the complaint does not state facts sufficient to constitute a cause of action; (b) because the undisputed evidence shows that the danger, if any, was known to the plaintiff; (c) that the instrumentality constructed was not of that kind or nature to attract young and innocent children, that the plaintiff knew that the instrumentality was dangerous, and that if he played with it, or came in proximity to it, he was likely to be injured, and the undisputed testimony shows, that the plaintiff was not playing with or standing by the machine, but was actually avoiding and getting out of the way of it, knowing the danger existing therein; (d) that, if any injury happened to the plaintiff, the undisputed testimony shows that he was a trespasser on the premises, and that the defendant owed him no duty, other than not to wilfully injure him; (e) that there is no evidence in the case which shows, or tends to show, that the injury received by the plaintiff was a direct or proximate result of any negligence whatever, or any fault whatever, on the part of the defendant."

Prior to the injury, children were attracted to a pile of sand on the vacant lot. Their amusement consisted in rolling down the sand pile, which was harmless as an attraction. The pot containing the asphalt was about 100 feet from the sand pile, but it was not attractive to the children, nor did

they resort to it for amusement. It was not necessary for them to go near the pot on their way to the sand pile. They, however, frequently passed by it, and it was while the plaintiff was merely passing by it that he was injured. The plaintiff thus testified as to the circumstances under which he was injured:

"Q. How close were you to the pot? A. Three feet. Q. What was making the pot boil? A. Fire; but it was done out then. It had been boiling all day, and I knew it was hot; and I knew they put fire under there to make it boil. I had seen it every day, since it had been there. They had big fires under it, made out of coal and wood, and the pot would boil. Asphalt was in it. It is something like tar. I knew it was in there boiling. I knew it would burn if it got out. I knew the fire would burn. * * * I had been by the pot a good many times; off and on, almost every day. I would go by there on my way to the sand pile. I never stopped by the pot. Q. Why didn't you stop? A. I was afraid I would get burnt. I never touched the pot, because I knew it was hot. Nobody ever said that I touched the pot. * * * Q. So you knew perfectly well that that was a dangerous place, didn't you? A. Yes, sir. Q. Why didn't you stay there? A. I never stopped in my tracks. I just walked on up towards the sand pile. Q. Don't you know that you did go there to the kettles, and not to the pile? A. I went to the sand pile. I never went to those kettles. Q. Why didn't you go to those kettles? A. Because they were hot and would burn. Q. And you knew they would burn you? A. Yes."

This testimony is fully corroborated by other witnesses.

The rule of the common law, that a child under seven years of age is conclusively presumed incapable of committing crime, has been adopted in this State as the test for determining capacity to be guilty of contributory negligence. *Tucker v. Buffalo Mills,* 76 S. C. 539, 57 S. E. 626, 121 Am. St. Rep. 957.

The testimony as to the question whether the plaintiff was under seven years of age at the time of the injury is conflicting. Therefore we will consider the questions involved just as if the defense of contributory negligence had not been pleaded.

Generally, the owner or occupier of premises owes the same duty to adults and children, who go upon the premises by express or implied invitation. As a general rule, he is not required to keep them in a safe condition, for the benefit of trespassers or licensees, whether they are adults or infants. A new duty does not arise until he maintains upon his premises a dangerous instrumentality, which tends to attract the youthful instincts of children, to use it for their amusement. Where he has on his premises something that is both attractive and dangerous to children, he is bound to exercise ordinary care to prevent injury to them by coming in contact with it. Although the instrumentality may not be attractive to children, nevertheless where it is so exposed that they are likely to come in contact with it, and the contact is such as would be obviously dangerous to an adult, he is also bound to exercise ordinary care for their protection. In other words, he is required reasonably to anticipate the injuries that are likely to happen to them. *Unless the conditions which we have just mentioned exist the owner or occupier of the premises owes no duty to the child, which he does not owe to an adult.* Franks v. So. Cotton Oil Co. 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; Hayes v. So. Power Co., 95 S. C. 230, 78 S. E. 956; Tucker v. Clinton Cotton Mills, 95 S. C. 302, 78 S. E. 890; Tucker v. Clinton Cotton Mills, 96 S. C. 466, 81 S. E. 182; McLendon v. Hampton Mills, 94 S. E. —.

The complaint contains two specifications of negligence, the first of which is that the injury was caused by the failure

of the defendant to safeguard the pot.    Though the defendant may have been guilty of some negligence, it must be made to appear that the negligence specified was the proximate cause of the injury.    *Brown v. Laurens County,* 38 S. C. 382, 17 S. E. 21; *McLendon v. Hampton Mills,* 95 S. E. 781.    The rule is thus stated in 21 Enc. of Law 485:

"Although there may have been such an act or omission as would have rendered the defendant liable, had damages proximately resulted therefrom, yet, if they did not proximately so result, the defendant is not liable, though the plaintiff is damaged, and though such damages would not have resulted, but for the act or omission complained of."

On the same page, proximate cause is thus defined: "A proximate cause, in the law of negligence, is such a cause as operates to produce particular consequences, without the intervention of any independent unforeseen cause, without which the injuries would not have occurred."

There was the intervention of such a cause in this case. The dangers which the defendant was required reasonably to anticipate, and to safeguard, were such as related to contact by children with the pot, while pursuing their youthful instincts for amusement.    The plaintiff, however, was not playing with the pot at the time of the injury; nor was his conduct influenced in any respect by reason of the fact that the pot was obviously dangerous on account of its exposed condition.    If the plaintiff had been an adult, instead of an infant, merely passing by the pot, he would just as certainly have been injured.    The defendant cannot be held liable under such circumstances, without becoming an insurer for the safety of children on his premises.    *McLendon v. Hampton Mills,* 95 S. E. 781.

The only specification of negligence is that the defendant failed to produce a safe and suitable appliance for the pot. The testimony shows that the defective condition of the pipe

was the proximate cause of the injury; but it was not an obvious danger, nor one reasonably to be anticipated by the defendant. It is true the duty is imposed upon the master to provide his servants with safe and suitable appliances, and to see that they are kept in proper repair; but this doctrine has never been extended so as to make it applicable to trespassers or licensees, whether adults or children, seeking attractive amusements. We, of course, are not to be understood as controverting the proposition that, if the appliances are so defective as to impose on the owner the duty of anticipating an injury resulting proximately from the defect, he would be liable. The testimony, however, does not tend to prove such a state of facts.

These conclusions practically dispose of all the questions presented by the exceptions. Rule 27 of this Court (90 S. E. 12) provides that: "When an appeal is sustained, on the ground that a nonsuit should have been granted because of a failure of evidence, * * * the reversal of the judgment shall have the same effect as if the nonsuit should have been ordered."

Such is the effect of the judgment in this case, viz., to order a nonsuit.