## 9975

### DUDLEY v. ATLANTIC COAST LINE RY. CO.

#### (96 S. E. 478.)

1. RAILROADS—TORT OF SERVANT—WANTON INJURY.—If railroad locomotive fireman, in the performance of his duty, injured plaintiff, who, at the request of a station agent of the railroad, was getting a bucket of hot water from the engine, the railroad was liable to plaintiff, but if the fireman injured him wilfully and wantonly, when acting outside the scope of his authority in doing something he was not employed to do, the railroad was not liable.

2. TRIAL—INSTRUCTIONS—INAPPLICABILITY.—In an action against a railroad for injuries to plaintiff when scalded by hot water turned on by a locomotive fireman, the injury having arisen from the manner in which the instrumentality was operated by the fireman, not having been caused by the fact that it was dangerous, instructions as to the duty of a master who places his servant in charge of a dangerous appliance were properly refused, as inapplicable.

3. RAILROADS — MANAGEMENT OF LOCOMOTIVE — DUTY TO PUBLIC. — The duty which a railroad owed to the public, to see that its locomotive, a dangerous appliance, was so operated and managed as to do no harm, was not absolute, but only to exercise ordinary care.

4. NEGLIGENCE—DANGEROUS APPLIANCE ON PREMISES—INJURY TO TRESPASSERS OR LICENSEES.—The owner of a dangerous appliance on his premises is not an insurer against injury to trespassers or licensees, but the law imposes on him the duty to anticipate such injuries as proximately result from his failure to safeguard the public from injury, in discharging which duty he is required to exercise ordinary care.

Before SPAIN, J., Marlboro, Summer term, 1917.   Affirmed.

· Action by Rufus Dudley against the Atlantic Coast Line Railway Company. Judgment for defendant, and plaintiff appeals.

Plaintiff's first, second, third and fourth requests to charge were as follows:

A master who places the custody and control of any dangerous machine or appliance or agency in the hands of and in the management of a servant is responsible for any injury inflicted thereby by the servant, and he cannot escape liability in a particular act, on the ground that the servant, at the time, was acting outside the scope of his employment, for the law requires the servant to exercise the same care and attention which the law requires of the master, and if that care and attention be about the management and custody of dangerous appliances, the master cannot shift the responsibility connected with the custody of such instrument to the servant to whom they have been intrusted and escape liability therefor. This rule is based upon the absolute duty which is due to the public by the master who employs in his business dangerous agencies or appliances, engines, or instruments, if negligently managed, or wilfully or wantonly mismanaged, so as to result in damage to others.

If the master intrusts the custody of dangerous agencies to his servants, the proper custody, as well as the use of them, became a part of the servant's employment by the master and his negligence in any regard is imputed to the master in an action by one injured thereby.

Where the injury results from the negligence, wilfulness, or wantonness, or gross negligence or recklessness of the servant in the custody of the instrument, it is immaterial, it makes no difference so far as the liability of the master is concerned, as to what use may have been made of it by the servant; for it is the duty of the servant to carefully guard and control such instruments, and a failure in this respect is not a departure from the master's service, but a negligent

discharge of that service, and any injury resulting therefrom is imputed to the master, and he is responsible therefor.

The master, if personally in control of the agency or appliance, would be liable for all injuries inflicted by its mismanagement or its misuse, and the law will not permit him to delegate the performance of the absolute duty of care which is imposed on him in its custody and control so as to shift the responsibility for a failure to discharge it.

*Messrs. A. L. Hamer* and *J. K. Owens,* for appellant. *Mr. Jennings* cites: *As to definition of wilfulness:* 29 Cyc. 423d; 89 S. C. 274; 29 S. C. 322; 25 S. C. 31. *As to liability of master for acts of servant:* 3 S. C. 1. *As to liability of master, who intrusts the custody and control of a dangerous appliance or agency to the management of a servant:* 70 L. R. A. 631; 57 Ohio S. T. 387; 8 L. R. A. 464; 21 Am. St. Rep. 346; 24 N. E. 658; 85 Ala. 170; 7 Am. St. Rep. 36; 4 So. 607; 27 L. R. A. 179; 200 Note, 10 C. C. A. 479; 23 U. S. App. 506; 62 Fed. 730; 1 Thomp. Neg., pp. 523-533; 116 Wis. 13; 60 L. R. A. 158; 96 Am. St. Rep. 936; 92 N. W. 358; 96 Ill. App. 462; 115 Iowa 938; 56 L. R. A. 748; 88 N. W. 841. *As to liability of principal for acts of agent:* 37 S. C. 379; 37 S. C. 194; 72 S. C. 205; 77 S. C. 546; 56 L. R. A. 748; 13 S. C. 18; 93 S. C. 125; 102 S. C. 146; 108 S. C. 179.

*Mr. D. D. McColl,* for respondent, cites: *As to scope of employment:* 37 S. C. 199; Cooley on Torts, p. 536; 72 S. C. 205; Cooley on Torts, p. 628. *As to dangerous agency:* 10 L. R. A. (N. S.) 367; 93 Cal. 558; 15 L. R. A. 475; 27 Am. St. Rep. 223; 29 Pac. 234; 26 Ill. App. 79; 88 Tex. 608; 32 S. W. 517; 37 S. C. 184.

June 20, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the negligence and wilfulness of the defendant. The complaint thus alleges the manner in which the plaintiff was injured:

"That on the 7th day of August, 1915, plaintiff was asked by the depot agent of the Atlantic Coast Line Railroad Company, at Tatum, S. C., to get him, the said agent, a bucket of hot water from the engine attached to the train running from Bennettsville, S. C., to Fayetteville, N. C. When it stopped at the depot at Tatum, S. C., the plaintiff took a water bucket and went to the engine attached to the said train to get the said bucket of hot water. When he asked for the water, the fireman on the engine of the said train at once turned on a small stream of hot water from the boiler on said engine. After the water had run for a moment, the fireman opened wide the cock or faucet, and the hot scalding water was thrown upon the person of the said plaintiff, causing him great hurt and pain."

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed.

His Honor, the presiding Judge, charged the jury as follows: "If the fireman, while in the performance of his duty, should have injured this plaintiff, then the defendant would be liable, but if he injured him wilfully and wantonly, when acting outside the scope of his authority, in doing something he was not employed to do, then the defendant would not be responsible."

This is assigned as error.

The ruling of the Circuit Judge is sustained by the case of *Davenport v. Railway,* 72 S. C. 205, 51 S. E. 677, 110 Am. St. Rep. 598.

The act of the servant must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed; or while operating the instrumentality in the conduct of the business within the

scope of the employment; or the act must be done in the interest of the master, and for his benefit.

A servant in charge of a dangerous agency who acts without any reference to the object for which he is employed, and not for the purpose of performing the work of the employer, but to effect some independent purpose of his own, does not render the master responsible for the wrongful acts of the servant.

The plaintiff's attorney requested the presiding Judge to charge certain requests numbered 1, 2, 3 and 4, which were refused, and will be reported.    The refusal to charge these requests is assigned as error.    In the first place, they 2-4   are not applicable, for the reason that the injury was not caused by the fact that the instrumentality in question was dangerous, but it arose from the manner in which it was operated by the servant.    And, in the second place, the duty which the defendant owed to the public was not absolute, but only to exercise ordinary care to save it from harm.    The owner of a dangerous appliance upon his premises is not an insurer against injury to trespassers or licensees.    *McLendon v. Hampton Mills,* 95 S. E. 781; *Sexton v. Noll Co.,* 95 S. E. 129.    If the owner maintains a dangerous agency upon his premises, the law imposes upon him the duty of anticipating such injuries as proximately result from his failure to safeguard the public from injury; but in discharging this duty he is only required to exercise ordinary care.    *Sexton v. Noll Co., supra.*

Judgment affirmed.