13381

GRAY v. STATE HIGHWAY DEPARTMENT OF S. C.

(163 S. E., 793)

*Mr. A. C. Hinds,* for appellant,

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant Attorneys General,* and *Lee & Shuler,* for respondent,

April 8, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The facts out of which this action arose, briefly stated, are these: On the morning of March 7, 1930, the plaintiff, who lived at Cades, in Williamsburg County, desiring to go to Lake City in Florence County, made arrangements with his brother to go with him on his truck as his guest. Accordingly, they set out from Cades along Highway 41, known as National Highway No. 17, which traverses Williamsburg and Florence Counties. The truck, driven by plaintiff's brother, was loaded with logs for a sawmill in Lake City. It had been raining for some time, and Highway 41 in Florence County, just across the line from Williamsburg County, being of the type of paved road which becomes very slippery when wet, was dangerous when driven over at a high rate of speed. In view of this fact, the defendant

had placed a guard about 50 or 75 yards south of the county line, on the Williamsburg side, for the purpose of warning all north bound motor vehicles of the condition of the road on the Florence County side. The guard did this by signaling with a red flag the drivers of such vehicles, who would slow down or stop for instructions. On the morning in question, a Ford sedan, going in the same direction as the plaintiff on Highway 41, drove around the truck on which plaintiff was riding. As the sedan approached the place where the guard was stationed, he gave the signal to its driver, who suddenly stopped. The truck, which was a short distance behind—the exact distance not being fixed—and going at a speed of 15 or 20 miles per hour, did not stop, but attempted to go around the sedan. For some reason, however, which is not made clear, the driver failed to turn far enough to the left, with the result that the truck collided with the sedan and went over into a deep ditch at the side of the road. The plaintiff was caught and crushed by the heavy logs, and was fearfully and permanently injured. It is alleged in the complaint: "That said injury and damage to plaintiff's person were caused by and resulted from a defect in and the negligent repair of said State highway in using and employing or suffering to be used or employed in the hard-surfacing of said highway in Florence County up to the Williamsburg line between Florence and Williamsburg Counties a covering composed of some substance which when wet becomes so slick and slippery as to cause motor vehicles during and after every rain to slip, skid and slide thereon to such an extent as to be exceedingly dangerous and to constitute a menace to the lives and safety of the traveling public. * * *"

The defendant, answering, denied liability, and alleged that whatever injuries the plaintiff may have received were due to his and the driver's carelessness and negligence.

Defendant's demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was overruled. The case was tried on April 28,

1931, in the Court of Common Pleas for Williamsburg County, the Honorable T. S. Sease presiding. At the close of plaintiff's testimony, defendant made a motion for a nonsuit upon the grounds (1) that the evidence showed that plaintiff's injuries were not caused by any defect in the State highway; (2) that such injuries were due to an independent intervening cause; and (3) that, if the alleged injury suffered by the plaintiff was due to a defect in the highway, such injury could not have been anticipated or foreseen by a reasonably prudent person. The Court granted the motion, and plaintiff appeals.

This action was instituted under the Act March 10, 1928 (35 St. at Large, p. 2055), which authorizes the bringing of actions against the State Highway Department for recovery for injury to person or damage to property, where such injury or damage is suffered by reason of a defect in, or negligent repair of, a State highway, etc.; and the question here presented is whether there was any testimony tending to show that plaintiff's injuries were due to any such cause.

The alleged defect was in Florence County and the accident occurred in Williamsburg County some 50 or 75 yards from the Florence County line; and neither the truck in which the appellant was riding, nor the automobile with which it collided, came into contact with the defective highway. It is conceded by the State that Highway 41 in Florence County, because of the material used in its construction, when it becomes wet from excessive rains, is very slippery, and in such condition may prove dangerous to those inclined to drive at excessive speed. This unsafe condition, however, exists only when the road is wet. The testimony clearly shows that the defendant, at the time of the accident, was attempting to perform what it conceived to be its duty, in the exercise of due care in the circumstances, to the traveling public; and doubtless if it had failed to warn those approaching of the slippery condition of the road ahead, and an accident had resulted, it would

have been charged with failure to do its duty in the premises. In good faith, therefore, it placed the guard at some distance from the Florence County line where the slippery road began, for the purpose of warning, by proper signal, the drivers of motor vehicles of the unsafe condition of the highway beyond. There is no allegation or proof that the defendant was negligent in the giving of the signals, and no contention that it was not its duty in the circumstances to warn the traveling public of the danger, or that the method employed was not a sane and reasonable one. Counsel for appellant contends, however, that the defect in the highway "brought about a succession of intermediate causes, each produced by the one preceding it, whereby a causal connection was made between the defect in the highway and the injury to plaintiff and set in motion a chain of events that led down to the injurious results," and that as there was "evidence from which it could be reasonably inferred that the defective condition of the highway was the proximate cause of plaintiff's injury, the case should have been submitted to the jury." In support of this contention, he presents a forceful and persuasive argument; and, while the law cited in support of his position is sound, we do not think that the principles invoked are applicable in the circumstances of this case. In other words, under the facts disclosed, the defective highway was not the direct or proximate cause, but was either the remote cause, or no cause whatever, of plaintiff's injuries. Therefore, as stated by the Court in *Brown v. Laurens County,* 38 S. C., 282, 17 S. E., 21, it is not necessary to go into a discussion of the metaphysical doctrine of "the causes of causes."

The respondent maintains also that, even if the highway was defective or in negligent repair, plaintiff's injuries were due not to such condition but to an independent intervening cause over which it had no control; namely, the sudden stopping of the automobile. The appellants contends, however, that the sudden stopping of the automobile was an act of the defendant, and therefore not

an independent intervening cause of the injury. We do not agree with appellant. It does not appear from the testimony that the sedan was in charge of or under the control of the Highway Department. All that the guard did was to flag the automobile; the manner of its slowing down or stopping was in the control of its driver, and, if the collision and resulting injuries were due to the sudden stopping of the sedan, it is clear that they were due to that cause independently of the condition of the highway. See *Acker v. County of Anderson,* 20 S. C., 495; *Brown v. Laurens County, supra; Mason v. Spartanburg County,* 40 S. C., 390, 19 S. E., 15, 42 Am. St. Rep., 887; *Cooper v. Richland County,* 76 S. C., 202, 56 S. E., 958, 10 L. R. A. (N. S.), 799.

We think also that the Circuit Judge was correct in holding that neither the defendant, nor any one else, could have possibly foreseen or reasonably anticipated that what happened would happen. To apply in the present case what was said by Mr. Justice Hydrick in *Carter v. Railway Co.,* 109 S. C., 119, 95 S. E., 357, 11 A. L. R., 1411, the injuries inflicted were neither a natural nor a probable consequence reasonably to have been expected to result from the action of the defendant.

The judgment appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.