**R. William BARTON, as Administrator of the Estate of Edward Lewis Heath, Plaintiff,**

v.

**Robert GRIFFITH, Defendant.**

**Civ. A. No. 66–57.**

United States District Court
D. South Carolina,
Aiken Division.

May 10, 1966.

John H. Williams, Williams & Johnson, Aiken, S. C., for plaintiff.

Edward C. Cushman, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., for defendant.

SIMONS, District Judge.

This South Carolina wrongful death action based upon diversity jurisdiction came on for trial before the court and a jury at the April Term in the Aiken Division of this Court. The jury, on March 30, 1966, returned a verdict of Five Thousand ($5,000.00) Dollars as actual damages for the plaintiff. Judgment was entered accordingly.

■ The plaintiff now moves for a new trial *nisi* on the ground of inadequacy of the verdict, asking that the court require defendant to pay adequate damages in an amount to be determined by the court. In short plaintiff asks the court to *nisi* the jury's verdict upwards.

Under the authority of Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935), in an action for unliquidated damages, such an increase by the court in the jury award is not condoned or approved in federal jurisdictions. See Annot., 56 A.L.R.2d 213 (1957).

The plaintiff alternatively moves for a new trial on the issue of damages alone.

■ This action arose from the death of the plaintiff's decedent, Edward Lewis Heath, a child six years of age. The decedent was returning to his grandmother's home from school, walking with a companion along a four lane highway on the side of the road facing the oncoming lane of traffic. Meanwhile, the child's grandmother from a friend's house had gone to pick up the child in her car and overtook the two boys as they walked along the shoulder of the highway. The grandmother's car was brought to a stop on its left or inside lane of traffic beside the median strip separating the four lanes of traffic, just opposite the point where the two boys were walking. The defendant at this time along with other vehicles was approaching toward the children and the grandmother's stopped car. Plaintiff's intestate suddenly entered the traveled portion of the highway in the path of defendant's car. Although under South Carolina law, there could be no contributory negligence on the part of the child, Sexton v. Noll Const. Co., 108 S.C. 516, 95 S.E. 129 (1918), there was conflicting evidence as to the position of the child upon the highway when struck by the plaintiff's automobile. A motorist is not an insurer of the safety of children; and there was a factual basis upon which the jury could have concluded that the defendent was faced with a sudden emergency. If the child had entered the highway so suddenly that the defendant could not stop or otherwise avoid the injury, and had no notice of the likelihood of his presence upon the highway, then the defendant was not necessarily guilty of actionable negligence. See Herring v. Boyd, 245 S.C. 284, 140 S.E.2d 246 (1965).

■ This court is of the opinion that under the facts of this case the jury award was inadequate, and if the plaintiff had moved for a new trial absolute, the court would have been disposed to grant it. Plaintiff's counsel did not so move, and indicated to the court that they did not desire a new trial on all issues. Since the jury's verdict was in possibility a compromise one, the court feels that it would work hardship, and probably injustice, upon defendant to grant a new trial as to damages only. In view of the close question as to liability, the court can possibly surmise that in the jury deliberations some felt that defendant was liable, and others not; and that they thereby agreed upon a compromise verdict which was not adequate in amount.

See Southern Ry. Co. v. Madden, 235 F. 2d 198 (4th Cir. 1956).

■ On the other hand, since the damages were not insubstantial, however inadequate, the court will not draw the inference that the jury's verdict was improperly motivated and order a new trial upon its own initiative.

The plaintiff's alternative motions for new trial are, therefore, overruled.

And it is so ordered.