CROSS, Chief Judge
(dissenting).
I must respectfully dissent.
The majority today overlooks a rare opportunity to clarify an area of the law which has been in all jurisdictions one of difficulty and confusion.
The difficulties and confusion which attend any theoretical investigation of the basic contributory negligence doctrine complicate any attempt to rationalize the special rules which have developed as to contributory negligence in children. The degree to which children should be held liable to be charged with contributory negligence may depend to a large extent upon whether the basic doctrine is regarded as being a special application of theories of proximate causation, or is being based upon a desire to “punish” the negligent plaintiff for deterrent or other purposes. Whatever the logical justification for the position taken by the courts, there appears to be no doubt that children are accorded special status in applying the normal rules of contributory negligence, and that this special status is normally justified on the ground that they have less capacity for self care than an adult, and accordingly, it would be improper and inequitable to hold them to the same standard. Clearly, there is an age beneath which it becomes absurd to speak of contributory negligence in a child. No court would apply such a concept to a babe in arms or, presumably, to a creeping or toddling two-year-old. On the other hand, most courts would agree that a nineteen-or-twenty-year-old, usually licensed to operate a motor vehicle and frequently owning his own, should in most circumstances be held to an adult standard of care for the safety of himself and others. Between these two areas, however, attempts to lay down any firm rule as to the age at which a child is incapable of con- *189 tributary negligence has not been determined with any degree of certainty in this state, nor for that matter, in most jurisdictions.
The age of a child is of significance primarily as a sign or mark of his mental capacity to understand and appreciate the perils that may threaten his well-being. The courts recognize that at least at some point during the early stages of infancy a child is incapable of contributory negligence as a matter of law. The divergence exists as to a definite or fixed age that is sufficient to constitute a child sui juris and to charge it with contributory negligence. 98 Am.Jur., Negligence, § 205; 65A C.J.S. Negligence § 145.
In criminal cases the courts of this state follow the common law wherein it was well established that a child under the age of seven is conclusively presumed to be incapable of committing a crime. The common law rule raises a presumption of incapacity of an infant between the ages of seven and fourteen, and the presumption is that the incapacity after seven years of age decreases with the progress of his years. Clay v. State, 1940, 143 Fla. 204, 196 So. 462.
In Dupuis v. Heider, 1934, 113 Fla. 679, 152 So. 659, the supreme court through dictum asserted that there was little, if any, support for the analogy between the law respecting the capacity to commit a crime and at what age the infant would be considered to be capable of contributory negligence. Be that as it may, I would hold that as a matter of law a child under the age of seven years is incapable of contributory negligence, not because of the analogy to the criminal law that a child under that age is not capable of committing a crime, but because a child under seven years of age lacks the discretion, judgment and mental capacity to discern and appreciate circumstances of danger that threaten its safety. This rule has been applied in the following jurisdictions: Mobile Light & R. Co. v. Nicholas, 1936, 232 Ala. 213, 167 So. 298; Romine v. City of Watseka, 1950, 341 Ill.App. 370, 91 N.E.2d 76; Moser v. East St. Louis & Interurban Water Co., 1945, 326 Ill.App. 542, 62 N.E.2d 558; Wolczek v. Public Service Co., 1930, 342 Ill. 482, 174 N.E. 577; Fuller v. Thrum, 1941, 109 Ind.App. 407, 31 N.E.2d 670; Ward v. Music, Ky.1953, 257 S.W.2d 516; United Fuel Gas Co. v. Frend’s Adm’x, Ky.1954, 270 S.W.2d 946; Gilligan v. Butte, 1946, 118 Mont. 350, 166 P.2d 797; Sexton v. Noll Construction Co., 1918, 108 S.C. 516, 95 S.E. 129.
In an annotation in 77 A.L.R.2d 917, beginning at page 923 there is illustrated a long list of decisions from many jurisdictions wherein a conclusive presumption of incapacity as to age has been recognized. In none of the cases is a child under the age of seven years considered capable of contributory negligence.
The majority dwells on the fact that the minor plaintiff had received instructions from her mother regarding the hazards of traffic. What child is not told by his parents not to run into the street to play? Does this instruction alone impart to the child discretion, judgment or mental capacity to discern and appreciate circumstances of danger that threaten its safety? I think not. The fallacy of the argument of the majority can be illustrated by merely looking to our public school system. By statute, Chapter 232, our legislature requires all children who have attained the age of seven years to compulsory attendance in public schools. It is really at this point in their life that children begin to have the intelligence and judgment to discern and appreciate life’s dangers, particularly with reference to traffic, for this is actually the first time in their lives that they travel on a daily basis as pedestrians, as passengers in motor vehicles and on buses operated by the schools and by public utilities. They are more or less compelled at the age of seven to become active participants in society, and to discern and appreciate what dangers may be encountered.
*190 Since the application of the doctrine of contributory negligence is the result of public policy in order that all individuals may remember their own situations and be responsible for their own acts, the doctrine should have no application to a child of tender years under the age of seven, since it is not compelled by public policy prior to this time to become an active, discerning and intelligent member of our society through the learning process.
I would reverse the judgment of the lower court and hold that as a matter of law a child under seven years of age is incapable of contributory negligence.