M. A. JORDAN v. CITY OF ASHEVILLE.

*Contributory Negligence—Burden of Proof—Judge's Charge.*

1. Under the statute (ch. 33, Acts of 1887) which requires that, in actions for the recovery of damages resulting from the negligence of the defendant, contributory negligence, if relied upon as a defence, shall be set up in the answer and proved on the trial, there can be no *presumption* of contributory negligence ; therefore it was error in the Judge to charge that the burden of proof was upon the plaintiff, in such an action, to show that she was not herself guilty of negligence, though the defendant offered no testimony.

2. Where, upon an issue as to whether an injury complained of was caused by the negligence of the defendant, the plaintiff made a *prima facie* case, the Judge ought to have instructed the jury to find the issue in her favor if they believed her testimony, and it was error to blend his instructions on that issue with those on an issue relating to contributory negligence.

CIVIL ACTION, tried at August Term, 1892, of BUNCOMBE Superior Court, before *Bynum, J.*

The plaintiff seeks to recover damages on account of injuries sustained by her in stepping into a hole in a sidewalk of defendant city, alleged to have resulted from the negligence of defendant city in its failure to keep the sidewalk in repair. The defendant denied that the sidewalk was in an unsafe condition and that the plaintiff was injured through its negligence, and alleged that the plaintiff by her own negligence contributed to her injury. The plaintiff also alleged that it was the duty of the city to keep the sidewalks in repair.

The issues were:

1. Was the plaintiff injured by the negligence of the defendant?

2. Did the plaintiff contribute to her injury by her own negligence?

3. What damage has plaintiff sustained?

Among other things the Judge charged the jury as follows:

"The plaintiff claims that she has been injured by the negligence of the defendant, and the burden is on her to show, by a preponderance of the evidence, that fact, and the following fact, that she herself was not guilty of negligence."

The issues were found in favor of the defendant, and there was judgment accordingly, from which the plaintiff appealed.

*Messrs. W. W. Jones* and *F. A. Sondley,* for plaintiff (appellant).

*Messrs. Cobb & Merrimon,* for defendant.

MACRAE, J.: Without considering the exceptions of the plaintiff, *seriatim,* upon a careful consideration of the charge of his Honor and the exceptions specially directed to some portions thereof, and not the first exception, which is too

general, we are forced to the conclusion that the plaintiff has just cause of exception that the jury was instructed that the burden was upon the plaintiff to show that she herself was not guilty of negligence. It is true that the defendant offered no testimony, and that notwithstanding by the Act of 1887, chapter 33, it is provided "that in all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defence, it shall be set up in the answer and proved on the trial," yet, if the plaintiff's own testimony, offered for the purpose of showing negligence on the part of the defendant, proved also contributory negligence on her part as the proximate cause of the injury, the defendant might have relied upon the plaintiff's evidence and introduced none by way of defence. 4 Wait Ac. and Def., 720, and cases cited.

But the plaintiff was entitled to have the instructions separately given upon the two issues. His Honor states the proposition at the outset: "The plaintiff claims that she has been injured by the negligence of the defendant, and the burden is on her to show by a preponderance of the evidence that fact, and the following fact, that she herself was not guilty of negligence." And while the law of negligence bearing upon this case is well stated, yet, from time to time in his instructions upon the first issue, he repeats the proposition that it was incumbent upon her to show that she was injured not by her own negligence. We think that he ought to have instructed the jury that upon the testimony, if believed by them, they should respond to the first issue in the affirmative, for the testimony shows that the sidewalk upon a public street in Asheville was not in the condition in which it should have been kept by defendant with due regard to the safety of the public, and that the plaintiff was injured by stepping upon a rotten

plank or into a hole caused by the decay of a plank. Several witnesses testified to its unsafe condition and to the continuance thereof for a long time.

His Honor properly charged the jury as to notice to defendant of the defect in the sidewalk.

Upon the first issue a *prima facie* case was made of negligence of defendant and consequent injury to plaintiff, for it is plain that but for the defect the accident would not have occurred. But the instructions upon the first and second issues were so blended that it could not have been expected of the jury, however intelligent, to have drawn the distinction which they were required to do in passing upon the distinct issues.

Under our statute there is no presumption that the plaintiff contributed to the injury by her own negligence. By placing the burden upon her the conditions were changed, and it was necessary that she should offer evidence that she was not negligent in the face of the statute. If upon her own testimony and that of her witnesses the jury were left in doubt whether she were negligent or not, they must have found against her, whereas the rule is to the contrary. The defendant offered no testimony. Unless the jury were satisfied by the evidence offered by the plaintiff that she had contributed to her own injury and that this negligence of hers was the proximate cause, they should have responded to the second issue in her favor.

It will not be necessary for us to examine further into the exception. There is error and a

New Trial is Awarded.