STATE v. WILLIAM YEARGAN.

*Indictment for Gambling—Minor under 14 Years of Age Not Indictable for Misdemeanor.*

1. An infant under fourteen years of age is not liable to criminal prosecution for an ordinary misdemeanor unless the facts exhibit brutal passion, the use of a deadly weapon, the infliction of maim, or other acts of like character; therefore,

2. An infant under fourteen years of age, who played at a game of chance known as "shooting craps," well knowing the difference between right and wrong, but who did not know the act was unlawful, is not indictable for gambling.

INDICTMENT for gambling, tried at Fall Term, 1895, of WAKE Superior Court, before *Coble, J.,* and a jury. The jury rendered a special verdict as follows:

"Defendant was bound over by the mayor of Raleigh for playing at a game of chance, and was indicted at September Term, 1895, for playing at a game of chance and betting money thereat, the particular game being known as 'shooting craps.' Defendant did play at said game of chance of shooting craps, and did bet money thereat, and that said game was played by throwing ordinary square dice with numbers on each square. Defendant was 13 years old on the 6th of June, 1895, and did not know he was violating the law when he played at said game and bet money thereat. That as to other offences, such as assault and battery and stealing, the defendant knew that to commit them was to violate the law; that he already knew the difference between right and wrong. If, upon these facts, the court be of opinion that the defendant is not guilty, the jury find that he is not guilty; if otherwise, the jury find that he is guilty."

The court being of opinion that defendant was not guilty, gave judgment discharging him, and the State appealed.

STATE *v.* YEARGAN.

*The Attorney General*, for the State (appellant).
*Mr. J. C. L. Harris*, for defendant.

FAIRCLOTH, C. J.: The defendant is indicted for playing and betting money at a game of chance, called "shooting craps" by throwing dice with numbers. The jury rendered a special verdict and say that he did play and bet at such game. They also say he is over 13 and under 14 years of age; that he did not know he was violating any law, and that "he clearly knew the difference between right and wrong." His Honor held that defendant was not guilty and the State appealed.

An infant under 7 years of age cannot be indicted and punished for any offence because of the irrebutible presumption that he is *doli incapax*. After 14 years of age he is equally liable to be punished for crime as one of full age. His innocence cannot be presumed. Between 7 and 14 years of age an infant is presumed to be innocent and incapable of committing crime, but that presumption in certain cases may be rebutted, if it appears to the court and jury that he is capable of discerning between good and evil and in such cases he may be punished. The cases in which such presumption may be rebutted and the accused punished when under 14 years, are such as an aggravated battery, as in maim, or the use of a deadly weapon, or in numbers amounting to a riot; or a brutal passion, such as unbridled lust, as in an attempt to commit rape, and the like. In such cases, if the defendant be found *doli capax*, public justice demands that the majesty of the law be vindicated and the offender punished publicly although he be under 14 years of age, for malice and wickedness supply the want of age. Our case presents the question of a simple misdemeanor by one who, the jury say, knew right from wrong but did not know he was violating any law,

and presumably had no intention of committing any offence. Among persons of full age ignorance of the law is no excuse, nor is the absence of any intent to violate it available as a defence, but it is the intent to do an act which is a violation of law that makes the actor guilty. In our examination of the early criminal law books, such as Blackstone, Russell, Hale and Wharton, we have been unable to find an instance in which, for a simple misdemeanor unattended with aggravating circumstances such as the above, an infant under 14 years has been indicted and punished. All the cases treated by those writers are felonies. The question it seems has not heretofore been presented to this Court and the professional opinion has been that in all cases when capacity to distinguish right from wrong has been made to appear, the defendant may be punished although under 14 years of age.

In *State* v. *Pugh*, 7 Jones, 61, the question was not directly presented but was appropriately referred to by the Court when PEARSON, J., stated that "the wisdom of the common law is illustrated in the rule that for an ordinary assault and battery a boy under the age of 14 is not liable to indictment . . . . . and it is better to leave such matters to the correction which the parent or schoolmaster may in their discretion inflict, than to give importance to it by a public trial before a court and jury." In *Reg.* v. *Owen*, 4. Car. & P., 236, the defendant (ten years) was indicted for larceny and *Littledale, J.*, told the jury that "the defendant ought not to be convicted unless the evidence satisfies you that at the time of the act she had a guilty knowledge that she was doing wrong and that the evidence should be strong and pregnant." We think it better to adopt that rule of the common law with the limitations above indicated.

No Error.