ARCHIE P. ASHBY v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 27 September, 1916.)

1. Railroads—Push Cars—Children—Dangerous · Places—Trials—Evidence—Negligence—Questions for Jury.

Evidence tending to show that employees of defendant railroad company were operating a push-car loaded with cross-ties on defendant's ·track, and asked plaintiff, a boy 8 years of age and some other children to help push the car to a switch to clear the track for an expected train; that to pass a trestle the lad jumped upon the car, and to avoid a cattle-guard 700 yards beyond, and being warned thereof by the employees, the plaintiff again attempted to jump upon the car, but fell, to his injury; that the foreman of the gang saw the boy thus engaged and did not object: Held, upon a motion to nonsuit, sufficient evidence of defendant's actionable negligence to take the case to the jury.

2. Contributory Negligence—Children—Trials—Evidence—Questions of Law.

A lad 8 years of age, injured while assisting, at their reqquest, the defendant's employees in pushing a car loaded with cross-ties, and injured while endeavoring to jump on the car to ride across a cattle-guard, was too young to be guilty of contributory negligence under the facts of this case.

3. Railroads—Children—Dangerous Places—Push Cars—Negligence.

Where the defendant railroad company's employees operating a push-car loaded with cross-ties invited or permitted a lad 8 years of age to help them, in consequence of which he was injured, and this conduct of the boy had been seen by the foreman of the ·gang without objection:

*Held,* the company was liable, though it had theretofore forbidden its employees to permit children to thus help them.

**4. Same—Duty of Company.**

The plaintiff, a lad of 8 years, was injured while assisting employees of defendant railroad company to push a car loaded with cross-ties along the track, at their request, with the knowledge of the foreman. *Held,* it was not only the duty of the defendant to order the child away from the track, but it should have seen that he went away.

APPEAL by plaintiff from *Whedbee, J.,* at February Term, 1916, of CRAVEN.

*C. A. York, A. D. Ward, and William F. Ward for plaintiff.*
*Moore & Dunn for defendant.*

CLARK, C. J.   This is an action for personal injury to a minor, at the time of the injury 8 years of age, who brings this action by his next friend.   The employees of the defendant were operating a push-car loaded with cross-ties under the supervision of the section master. There was evidence that one of the employees asked the plaintiff and two or three other small boys to help push the car to the switch before the arrival of an approaching train, and that when the car approached the trestle one of the boys, with the knowledge and without objection of the employees or the foreman, jumped on the car and rode across; that they continued to push the car for several hundred yards till they approached a cattle-guard across the track in which there were sharp iron pointers which the plaintiff was unable to walk upon with his bare feet, and being cautioned by the foreman to "look out" for the cattle-guard, the plaintiff in attempting to climb upon the car to ride across slipped and fell, the wheel of the car passing over his foot.   There was evidence that the child was not invited by the employees and that the section master in charge had no knowledge of his participating in pushing the car.   But there was evidence for the plaintiff that one of the employees asked the boys to help push the car, and also that the foreman saw the boys pushing the car and made no objection.   Upon a nonsuit this evidence must be taken as true, and, if true, it was negligence for the defendant through its foreman to permit a child of the age of the plaintiff to participate in such dangerous work with its great liability of injury to those who are not presumed to have judgment to avoid the dangers incident to such work.

If the railroad employees invited or permitted the plaintiff to take part in pushing the car the company was liable, though the company had forbidden the employees to permit this to be done.   33 Cyc., 819. It was not only the duty of the defendant to order the child away from its tracks and from moving cars, but it should see that he does go away.

33 Cyc., 769, and cases there cited. If the boy was there for that length of time, it was negligence if the foreman did not discover the child and make him leave.

In *Greer v. Lumber Co.,* 161 N. C., 146, the Court held that there being evidence that the foreman permitted the children to ride on the engine, it was actionable negligence not to require them to leave.

Contributory negligence cannot be attributed to a child of the age of the plaintiff at the time of this injury.

The judgment of nonsuit is

Reversed.