GILARD BROWN, ADMINISTRATRIX OF THE ESTATE OF RUFUS EDWARDS, DECEASED, v. SOUTHERN RAILWAY COMPANY, A CORPORATION, AND ATLANTA AND CHARLOTTE AIRLINE RAILWAY COMPANY, A CORPORATION, AND W. D. TURNER.

(Filed 6 June, 1928.)

**Negligence—Contributory Negligence—Infants—Railroad.**

In an action against a railroad for the negligent killing of plaintiff's intestate, an instruction that a lad nearly eight years of age is incapable of being guilty of contributory negligence is reversible error, contributory negligence, in this case, being a question for the jury under the evidence as to the infant's ability to appreciate the danger and act accordingly for his own safety under the circumstances. *Ghorley v. R. R.*, 189 N. C., 634, cited and approved.

APPEAL by defendants from *Bowie, Special Judge,* and a jury, at July Special Term, 1927, of MECKLENBURG. New trial.

The allegations in plaintiff's complaint are as follows: "That just south of the intersection of the defendant companies' tracks with Second Street, a public thoroughfare, in the city of Charlotte, N. C., children of tender age were accustomed to and did cross frequently the tracks and premises of the defendant companies and did use, at the times hereinafter mentioned and for several years prior thereto, the tracks and premises of the said companies as a playground; that the engines, cars, tracks and other possessions of the defendant companies, the level condition of the premises and the various collection of pebbles and other objects on the said premises of the said companies allured and attracted children of tender age, along with the plaintiff's intestate, to and on the said premises and tracks of the said railroad companies; that the defendant companies knew, or by the exercise of reasonable care, ought to have known, that small children were allured and attracted by the said premises and possessions, and that said children so attracted and allured were incapable of caring for themselves amid moving engines and rolling stock and the various other inherently dangerous operations on the said premises; that, well knowing the dangerous conditions of the said premises and well knowing the uses thereof by children of tender age, at the times hereinafter mentioned and for many years prior thereto, the defendant companies, and each of them, failed, neglected and refused to erect a fence or to give signals or to put a guard there or to establish any sort of system of warning whatever that would put or tend to put children of tender age or any person on notice of the approach of locomotives and trains. That on or about 29 November, 1925, about three-thirty p. m., the plaintiff's intestate, who was about seven years of age, was crossing in an easterly direction along with other children, the eastern track of the defendant companies; that just as the said intestate reached the east rail of the east track an engine or train of the defendants in charge of W. D. Turner, defendant, while backing and going in a northerly direction, operated at a high, unlawful, reckless and dangerous rate of speed, without giving any warning or signal of any kind and without a watchman on the rear of the said train or engine and without keeping a proper lookout, ran over the said intestate and cut off his left leg between the knee and the ankle and crushed the right foot of the said intestate and otherwise bruised and lacerated said intestate."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff's intestate injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

"2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $2,000."

The exceptions and assignments of error and necessary facts will be stated in the opinion.

*Preston & Ross for plaintiff.*
*John M. Robinson for defendants.*

CLARKSON, J. At the close of plaintiff's evidence, defendants made a motion as in case of nonsuit, and at the close of all the evidence the motion was renewed. C. S., 567. The court below overruled the motions, defendants excepted and assigned error. We think the court below correct in the ruling. As oft repeated, the evidence is to be taken in the light most favorable to the plaintiff and he is entitled to the benefits of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.

As the case goes back for a new trial, we will not discuss the evidence, but, in our opinion, it is sufficient to be submitted to a jury.

Rufus Edwards, the boy that was killed by the defendant railroad company, on 29 November, 1925, was nearly eight years old. His mother testified that he would have been eight years old on 4 January, 1926.

The defendants, in their answer, plead contributory negligence. The court below charged the jury: "The court charges you that our courts have heretofore held that a child under eight years of age is incapable of committing contributory negligence." Defendants duly excepted and assigned error.

We think the present case is similar to and governed by the case of *Ghorley v. R. R.,* 189 N. C., at p. 635. It was there said: "It was earnestly insisted by defendants that, under the evidence, plaintiff's intestate, a child seven years of age, was guilty of contributory negligence in walking on defendant's track in front of a moving train, which caused her death, but we think the trial court was clearly correct in submitting the question to the jury, as he did. There was ample evidence to warrant the jury in finding that the engineer or fireman, in the exercise of reasonable care, could have seen, and should have seen, the little girl in time to have avoided the injury." *Alexander v. Statesville,* 165 N. C., 527; *Campbell v. Laundry,* 190 N. C., 649; *Hoggard v. R. R.,* 194 N. C., 256.

*Chief Justice Clark* wrote the opinion relied on by plaintiff in *Ashby v. R. R.,* 172 N. C., 98. The headnote 2, gives the reason: "A lad 8 years of age, injured while assisting, at their request, the defendant's employees in pushing a car loaded with cross-ties, and injured while endeavoring to jump on the car and ride across a cattle-guard, was too

young to be guilty of contributory negligence under the facts of this case." That case was different from the present one.

The learned *Chief Justice*, in the concurring opinion, in *Fry v. Utilities Co.,* 183 N. C., at p. 296-7, says: "In *Baker v. R. R.,* 150 N. C., 565, above cited, this Court, in discussing the question of contributory negligence, and whether it was a question for the court or the jury, says: 'The responsibilities of infants are clearly defined by text-writers and courts. At common law, fourteen was the age of discretion in males and twelve in females. At fourteen an infant could choose a guardian and contract a valid marriage. After seven, an infant may commit a felony, although there is a presumption in his favor which may, however, be rebutted. But after fourteen an infant is held to the same responsibility for crime as an adult.' And then this opinion adds almost in the same words of the later case of *Foard v. Power Co.,* 170 N. C., 48, as follows: 'We find in the books many cases where children of various ages, from seven upward, have been denied a recovery because of their own negligence.' " The learned *Chief Justice* then cites the *Alexander case, supra,* and other cases bearing on the subject. We refer to the cases cited for further discussion. For the reasons given, there must be a

New trial.