LESLIE CARLISLE MORRIS, by His Next Friend, S. T. MORRIS, v. D. J. SPROTT, Trading as SPROTT BROTHERS FURNITURE COMPANY.

(Filed 21 November, 1934.)

**1. Negligence C b—**

It is error for the trial court to hold as a matter of law that a seven-year-old boy cannot be guilty of contributory negligence.

**2. Same—**

While a child is not chargeable with the same degree of care as an adult, he is required to exercise such prudence for his own safety as one of his age may be expected to possess, which is usually a question for the jury.

APPEAL from *Harding, J.,* at April Term, 1934, of CABARRUS. New trial.

The plaintiff, a lad of seven years of age, institutes this action by his next friend and father, for personal injuries alleged to have been proximately caused by the negligence of the agent of the defendant. It is alleged in the complaint that the driver of the defendant's truck negligently backed said truck over the plaintiff and injured him, and in the answer it is alleged that "the plaintiff contributed to and proximately caused his own injury and by his own negligent acts and conduct, in that he was hanging underneath defendant's truck; in that he failed to exercise that degree of care one of his age, intelligence, and experience should have exercised under the conditions and circumstances then and there apparent to him; and that this defendant pleads such negligence on the part of said minor plaintiff in bar of his right to recover."

The court submitted issues as to the defendant's negligence and as to the measure of damage, and declined to submit an issue as to the contributory negligence of the plaintiff, tendered in proper form and in due time by the defendant. The court intimated that since it appeared that the plaintiff was seven years old at the time of the alleged injury he was of the opinion that the plaintiff could not be guilty of contributory negligence, and for that reason declined to submit the issue tendered by the defendant. To this ruling of the court the defendant excepted. The court also charged the jury "that a seven-year-old child is incapable under our law of being guilty of contributory negligence as a bar to his right of action for damages for negligence of a defendant, if any," and the defendant excepted.

The issues submitted were answered in favor of the plaintiff, and judgment in accord therewith entered, and defendant appealed, assigning errors.

*Hartsell & Hartsell for appellant.*
*H. S. Williams, R. R. Hawfield, and H. L. Taylor for appellee.*

SCHENCK, J. We think his Honor's holding, as a matter of law, that a child of seven years of age is incapable of being guilty of contributory negligence is in conflict with the decisions of this Court, which are to the effect that contributory negligence on the part of a child is to be measured by his age and his ability to discern and appreciate the circumstances of danger; and is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his age may be expected to possess; and this is usually, if not always, when the child is not wholly responsible, a question of fact for the jury. *Rolin v. Tobacco Co.,* 141 N. C., 300; *Alexander v. Statesville,* 165 N. C., 527; *Fry v. Utilities Co.,* 183 N. C., 281; *Ghorley v.*

*R. R.,* 189 N. C., 634; *Hoggard v. R. R.,* 194 N. C., 256; and *Tart v. R. R.,* 202 N. C., 52.

We are not unmindful of the case of *Ashby v. R. R.,* 172 N. C., 98, relied upon by the plaintiff. In this case the plaintiff was a child of eight years of age, and the last sentence of the opinion reads: "Contributory negligence cannot be attributed to a child of the age of the plaintiff at the time of this injury." However, this Court has recently distinguished, if not overruled, the above-quoted utterance in the case of *Brown v. R. R.,* 195 N. C., 699. Certainly, if the sentence quoted is read without strict reference to the facts of the case it is in conflict with the universal holding of this Court in other cases where contributory negligence has been pleaded as a bar to recovery by infants of seven years of age and upward. *Chief Justice Clark,* who wrote the opinion in *Ashby v. R. R., supra,* in a concurring opinion in the case of *Fry v. Utilities Co., supra,* quoted with approval from *Foard v. Power Co.,* 170 N. C., 50, as follows: "We find in the books many cases where children of various ages, from seven years upward, have been denied recovery because of their own negligence." This assertion in the *Foard case, supra* (which actually reads six years instead of seven years), is followed by a citation of a long list of authorities. It is not at all improbable that the apparently inadvertent statement of the late learned *Chief Justice* in *Ashby's case, supra,* misled the court below.

To the end that the defendant may have submitted to the jury an issue as to the contributory negligence of the plaintiff, under a charge in consonance with this opinion, we award a

New trial.