At the August Term, 1933, Marvin Branch was tried in the Superior Court on charges of abandonment and nonsupport. He pleaded guilty of nonsupport of his children, "which plea was accepted by the State." The prayer for judgment was continued for two years upon condition that the defendant pay the cost, and the further condition that he pay the sum of $20.00 per month for the support of his two children, payable to the clerk of the court of Cabarrus County on or before the first day of each month for a period of two years; and upon the further condition "that he pay $20.00 of the cost at this term, and give bond to secure the balance to be paid at the October Term of court, 1933." Thereupon a bond was given in the sum of $300.00, signed by R. T. Sides as surety. This bond provided that Marvin Branch "shall make his personal appearance at the next term of this court and pay the cost of the court and $20.00 per month for the support of same. . . . This bond is to insure payment of above." At the October Term, 1933, the defendant Branch was sentenced to work the roads for a period of four months. Thereafter, at the January Term, 1934, the records show the following entry: "Order restored on motion of solicitor." Subsequently, at the April Term, 1934, the following entry was made in the case, to wit: "At this term, on motion of counsel for the State, the defendant was discharged and the cause transferred to the scire facias docket. Motion for scirefacias against the defendant and surety on his bond is allowed. Scirefacias to issue.
"The court finds as a fact, from information furnished him by counsel for the State, counsel for the defendant, and the clerk, that the defendant has never been called out or failed to appear here at any term since this case has been pending in the Superior Court."
Accordingly, a scire facias was issued to the surety, Sides, reciting a judgment nisi for $300.00 at the March Term, 1934, in favor of the State and against Marvin Branch and his surety, R. T. Sides, . . . "according to the provision of the act of the General Assembly, concerning bail, for the personal appearance at said term of our court of said Marvin Branch in the matter of the State v. Marvin Branch then pending in said Superior Court."
From the foregoing judgment the defendant appealed.
No facts were found by the trial judge and no finding was requested by the defendant when the judgment absolute was entered on the scire facias
against the surety. However, at the April Term, 1934, when the scire facias
was issued, the trial judge found as a fact that the defendant Branch had never failed to appear at any term of court while the case was pending and before it was finally disposed of. The scire facias recites that the surety, R. T. Sides, "had become bound as bail, . . . for the personal appearance at the said term of our court of said Marvin Branch." Hence, it is obvious that the scire facias was apparently issued on the sole ground that the defendant Branch had failed to make his appearance as required by the terms of the bond.
Interpreting the record in the light of the findings of the judge at the April Term, 1934, that the defendant had always appeared as required, it would seem that the judgment absolute rendered was not justified.
Error.