GEORGE BEVAN, BY HIS NEXT FRIEND, F. C. BEVAN, v. G. E. CARTER.

(Filed 15 June, 1936.)

1. **Evidence K b—Opinion testimony in this case held incompetent as invading the province of the jury.**

This was an action to recover for injuries sustained when plaintiff was struck by a car driven by defendant. Defendant contended that the accident was unavoidable, and was permitted to testify that it was not possible for him to have avoided hitting plaintiff. *Held:* The testimony invaded the province of the jury, and its admission constitutes reversible error.

2. **Negligence D a—**

It is necessary that defendant plead contributory negligence in order to be entitled to the submission of the issue to the jury. C. S., 523.

3. **Negligence C b—**

A four-year-old child is incapable of negligence, primary or contributory.

APPEAL by plaintiff from *Pless, J.,* at September Term, 1935, of DAVIDSON.

Civil action to recover damages for alleged negligent injury to plaintiff, a four-year-old child, who sustained a broken leg when hit by a Ford sedan automobile owned and operated by the defendant.

The evidence is in conflict as to whether plaintiff's injury was the result of defendant's negligence or unavoidable accident.

The defendant, as a witness in his own behalf, was permitted to testify as follows: "Q. State to the jury whether there was any possible way for you to avoid hitting the child." (Objection; overruled; exception.) "A. None that I could see."

The following instruction to the jury constitutes one of plaintiff's exceptive assignments of error:

"The question of contributory negligence of the plaintiff is usually submitted to the jury in a separate issue. In cases of this kind, however, due to the age of this young boy, the court is submitting it all to you in one issue, but you will consider that question, the question of the alleged contributory negligence of the young boy in determining the answer to the first issue." Exception.

In substance, this instruction was repeated several times during the charge.

The jury answered the issue of negligence in favor of the defendant. From judgment on the verdict plaintiff appeals, assigning errors.

*Ford M. Meyers for plaintiff, appellant.*
*J. M. Daniel, Jr., and Phillips & Bower for defendant, appellee.*

STACY, C. J. Was it competent for the defendant to express the opinion that there was no possible way for him to avoid hitting the plaintiff? The authorities say, "No."

In *Jeffries v. R. R.*, 129 N. C., 236, 39 S. E., 836, the following question, propounded to the engineer of the railroad company, was held to be objectionable: "After you saw the child, was anything not done that could have been done to save the child?" Likewise, in *Phifer v. R. R.*, 122 N. C., 940, 29 S. E., 578, a new trial was ordered because the plaintiff was asked, "Were you careful?" and was allowed to answer, "Yes, I was careful." This was the very question the jury was impaneled to decide. *Stanley v. Lbr. Co.*, 184 N. C., 302, 114 S. E., 385; *Raynor v. R. R.*, 129 N. C., 195, 39 S. E., 821.

Second: Was it proper to submit to the jury the contributory negligence of the plaintiff? The answer is, "No."

It was said in *Campbell v. Laundry*, 190 N. C., 649, 130 S. E., 638, "A child 4 years old is incapable of negligence, primary or contributory." Furthermore, there is no plea of contributory negligence. C. S., 523. Nor would such a plea avail as against a four-year-old plaintiff. *Jordan v. Asheville*, 112 N. C., 743, 16 S. E., 760.

New trial.