DALLAS RAY GREEN, BY HIS NEXT FRIEND, CLARENCE W. GRIFFIN, v.
ROY BOWERS.

(Filed 28 September, 1949.)

1. **Automobiles § 18i: Negligence § 20—Charge held for error as omitting question of proximate cause.**

   Plaintiff was a four year old boy, and thus too young to be chargeable with contributory negligence. *Held:* An instruction that if plaintiff's acts were the sole proximate cause of his injury the jury should answer the issue of negligence in the negative, but further charging that the jury would have to further find that there was no negligence on the part of the defendant in the operation of his motor vehicle, must be held for reversible error as omitting the element of proximate cause, even though in other parts of the charge the court correctly instructed the jury that negligence on the part of defendant must have been the proximate cause of the injury to render defendant liable therefor.

2. **Appeal and Error § 39f—**

   Conflicting instructions upon a material aspect of the case must be held for prejudicial error.

APPEAL by defendant from *Burgwyn, Special Judge,* at April Term, 1949, of MARTIN. New trial.

This was an action for damages for a personal injury alleged to have been caused by the negligence of the defendant in the operation of a motor truck.

Plaintiff's evidence tended to show that an automobile containing several passengers, including the plaintiff, a child of four years of age, was standing on a road or street in Parmele. The automobile was headed east and was nearer the south side of the road, leaving space on the north side for vehicles to pass. Defendant's truck approached from the opposite direction—that is, from the east, moving west—and passed on the south side of the automobile or to the truck driver's left. No signal was given. Just before the truck came opposite, two adult persons from the automobile attempted to cross to the south side of the road in front of the truck. One got safely across, the other jumped back in time to avoid being hit, but the plaintiff, the little boy, jumped out of the automobile and was struck by the truck and injured.

According to the defendant's evidence, the automobile was standing on the north side of the road and the truck had to pass on the left. The defendant testified the horn was sounded, and that just as the truck got opposite, the plaintiff suddenly jumped out of the automobile and into the side of the truck.

There was verdict for plaintiff, and from judgment thereon defendant appealed.

*Charles H. Manning and R. L. Coburn for plaintiff, appellee.*
*Peel & Peel for defendant, appellant.*

DEVIN, J. The court properly ruled that the plaintiff was not of sufficient age nor possessed of that degree of intelligence which would make him chargeable with contributory negligence, but, in response to request from defendant, charged the jury that "If they found from the evidence that as the defendant was passing the car in which plaintiff had been riding, the plaintiff jumped from the car and into defendant's truck, and that this action on the part of plaintiff was the sole proximate cause of his injury, they should answer the first issue no." To this the court added, "I give you this instruction at the request of the defendant, charging you that you would have to find that there was no negligence on the part of the defendant in passing the car, either in the way or manner in which he operated his truck, or in the failure to give signals as he approached the car, or his failure to keep a proper lookout—if you find from the testimony and by its greater weight, the burden being upon the plaintiff to so satisfy you, that he did so."

The effect of this instruction was to convey to the minds of the jurors that they could not answer the first issue no unless they found that defendant was in no respect negligent, thus omitting the element of proximate cause. Notwithstanding the defendant may have failed to exercise due care in the manner in which he drove his truck, or may have failed to give a signal, if his negligence was not the proximate cause of the injury, he could not in law be held liable therefor, and he was entitled to have the jury so instructed.

True, the trial judge subsequently stated the rule correctly, but we think his modification of, or addition to, the defendant's prayer, in the way in which it was stated, was confusing to the jury and harmful to the defendant. Nor was the error cured by the later statement. "When there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted." *S. v. Overcash*, 226 N.C. 632, 39 S.E. 2d 810; *Dixon v. Brockwell*, 227 N.C. 567 (571), 42 S.E. 2d 680; *Templeton v. Kelley*, 217 N.C. 164 (166), 7 S.E. 2d 380.

New trial.