JOE WILLIE WALSTON, ADMINISTRATOR OF THE ESTATE OF ALLEN LEON WALSTON, DECEASED, v. RICHARD GREENE AND J. C. SPENCE, GUARDIAN AD LITEM.

(Filed 26 February, 1958.)

Negligence § 12—

As a matter of law, a child under seven years of age is incapable of contributory negligence.

RODMAN, J., dissenting.

WINBORNE, C. J., concurs in dissent.

APPEAL by plaintiff from *Moore, Clifton L., J.,* October Term 1957 of PASQUOTANK.

Civil action to recover damages for the wrongful death of plaintiff's intestate allegedly caused by defendant's act, neglect or default.

Plaintiff's intestate, Allen Leon Walston, was killed on 5 May 1956, when he was struck by an automobile driven by the defendant. Allen Leon Walston was born 6 August 1949, and his education, intelligence, experience and capacity were average for a child of his age.

Defendant pleaded contributory negligence of Allen Leon Walston as a defense.

Both parties introduced evidence. At the close of the evidence plaintiff tendered two issues for submission to the jury: negligence and damages. The court refused to submit these issues, and plaintiff excepted. The court submitted to the jury three issues: negligence, contributory negligence of plaintiff's intestate, and damages. Plaintiff excepted to the submission of the second issue of contributory negligence. The jury answered the issue of negligence, Yes, and the issue of contributory negligence, Yes, and did not reach the third issue of damages.

From a judgment that the plaintiff recover nothing, and taxing him with the costs, plaintiff appeals.

*Frank B. Aycock, Jr. and Forrest V. Dunstan for plaintiff, appellant.*

*LeRoy & Goodwin for defendant, appellee.*

PARKER, J. This is the second appeal of this case to the Supreme Court. At a trial of this case during the February Term 1957 of Pasquotank Superior Court the jury found that the death of plaintiff's intestate was not caused by the actionable negligence of defendant. Upon motion of plaintiff, the trial judge, in his discretion, set the verdict aside. Defendant's appeal was dismissed by this Court, 246 N.C. 617, 99 S.E. 2d 805.

Plaintiff assigns as error the submission to the jury of the issue of contributory negligence of his intestate, who was a boy six years and nine months old at the time he was killed.

*Caudle v. R. R.,* 202 N.C. 404, 163 S.E. 122, was an action to recover damages for the wrongful death of plaintiff's intestate, a boy about twelve years of age. Defendant demurred to the complaint, and one ground of the demurrer was that it appeared from the allegations of the complaint that plaintiff's intestate by his own negligence contributed to his injury. The trial court overruled the demurrer, and this Court affirmed. In its opinion this Court said: *"Prima facie* presumption exists that an infant

between ages of 7 and 14 is incapable of contributory negligence, but presumption may be overcome." This Court cited as one of the authorities to support its statement *Chitwood v. Chitwood*, 159 S.C. 109, 156 S.E. 179. In that case the Supreme Court of South Carolina said: "Confusion sometimes arises in cases of this kind between the rule as to capacity and that as to due care. As to capacity, it is held in this state, by analogy to the criminal law, that an infant under 7 years of age is conclusively presumed to be incapable of contributory negligence (citing cases); that between the ages of 7 and 14 there is a *prima facie* presumption of such incapacity, which, however, may be overcome by evidence showing capacity . . . ."

In *S. v. Smith*, 213 N.C. 299, 195 S.E. 819, the Court said in reference to *S. v. Yeargan*, 117 N.C. 706, 23 S.E. 153: "In this case Faircloth, C. J., states the rule which prevails in this jurisdiction as follows: 'An infant under seven years of age cannot be indicted and punished for any offense, because of the irrebuttable presumption that he is *doli incapax*. . . . Between 7 and 14 years of age an infant is presumed to be innocent and incapable of committing crime, but that presumption in certain cases may be rebutted. . . .' "

In *Morris v. Sprott*, 207 N.C. 358, 177 S.E. 13, this Court held that it was error for the trial court to hold as a matter of law that a boy 7 years of age at the time of his injury could not be guilty of contributory negligence. Such holding is consistent with what was said in *Caudle v. R. R., supra.*

We have held as a matter of law that children of the following ages are incapable of contributory negligence: *Bottoms v. R. R. Co.*, 114 N.C. 699, 19 S.E. 730, 25 L.R.A. 784, 41 Am. St. Rep. 799—22 months of age; *Starling v. Cotton Mills*, 168 N.C. 229, 84 S.E. 388—a bright little boy 5 years of age; *Campbell v. Laundry*, 190 N.C. 649, 130 S.E. 638—4 years of age; *Bevan v. Carter*, 210 N.C. 291, 186 S.E. 321—4 years of age; *Kelly v. Hunsucker*, 211 N.C. 153, 189 S.E. 664—4½ years of age; *Reid v. Coach Co.*, 215 N.C. 469, 2 S.E. 2d 578, 123 A.L.R. 140— 4½ years of age; *Green v. Bowers*, 230 N.C. 651, 55 S.E. 2d 192 —4 years of age. See *Arnett v. Yeago, ante* 356, 100 S.E. 2d 855 —a three-year-old lad.

In *Ashby v. R. R.*, 172 N.C. 98, 89 S.E. 1059, plaintiff was a child eight years of age, and the last sentence of the opinion reads: "Contributory negligence cannot be attributed to a child of the age of the plaintiff at the time of this injury." This Court in *Morris v. Sprott, supra,* said in reference to the last sentence of the opinion in the Ashby case: "However, this Court has recently distinguished, if not overruled, the above-quoted utterance in the case of *Brown v. R. R.*, 195 N.C., 699. Certainly,

if the sentence quoted is read without strict reference to the facts of the case *it is in conflict with the universal holding of this Court in other cases where contributory negligence has been pleaded as a bar to recovery by infants of seven years of age and upward."* Emphasis added.

The age of a child is of significance primarily as a mark or sign of his mental capacity to understand and appreciate the perils that may threaten his safe being. In all the jurisdictions the courts definitely recognize that at least at some point during the early stages of infancy a child is incapable of contributory negligence as a matter of law, but there is a wide diversity of judicial opinion as to a definite or fixed age that is sufficient to constitute a child *sui juris*, so as to charge it with contributory negligence. 38 Am. Jur., Negligence, Sec. 205; 65 C.J.S., Negligence, Sec. 145; exhaustive annotations in 107 A.L.R., pp. 71-142, III. Age at which doctrine of contributory negligence may be applied to child, and in 174 A.L.R., pp. 1103-1147, III. Age at which doctrine of contributory negligence may be applied to child; exhaustive annotation in L.R.A. 1917F, pp. 42-73, III. Age at which doctrine of contributory negligence may be applied to child.

This Court said in *Caudle v. R. R., supra,* that a *"prima facie* presumption exists that an infant between ages of 7 and 14 is incapable of contributory negligence, but presumption may be overcome." In saying this we assume that the Court stated precisely what it considered to be correct law, and that it did not consider such law to be applicable to children under 7 years of age. However that may be, we consider, and so hold, that as a matter of law a child under 7 years of age is incapable of contributory negligence, not especially because of analogy to the criminal law that a child under that age is not capable of committing a crime, though this reason is frequently given, but because a child under 7 years of age lacks the discretion, judgment and mental capacity to discern and appreciate circumstances of danger that threaten its safety. This rule has been applied in the following jurisdictions: *Mobile Light & R. Co. v. Nicholas,* 232 Ala. 213, 167 So. 298; *Romine v. City of Watseka,* 341 Ill. App. 370, 91 N.E. 2d 76; *Moser v. East St. Louis & Interurban Water Co.,* 326 Ill. App. 542, 62 N.E. 2d 558; *Wolczek v. Public Service Co.,* 342 Ill. 482, 174 N.E. 577; *Fuller v. Thrun,* 109 Ind. App. 407, 31 N.E. 2d 670; *Ward v. Music,* (Ky.), 257 S.W. 2d 516; *United Fuel Gas Co. v. Friend's Adm'x,* (Ky.), 270 S.W. 2d 946; *Gilligan v. Butte,* 118 Mont. 350, 166 P. 2d 797; *Sexton v. Noll Construction Co.,* 108 S.C. 516, 95 S.E. 129. See *McDermott v. Severe,* 202 U.S. 600, 50 L. Ed. 1162, which is cited in *Campbell v. Laundry, supra,* p. 652 in our Reports, and p. 639 in the S. E.

WALSTON v. GREENE.

Reporter. Other courts take a contrary view, *e.g.*, *DeGroot v. Van Akkeren*, 225 Wis. 105, 273 N.W. 725.

In *Morris v. Peyton*, 148 Va. 812, 139 S.E. 500, the Court said in respect to the capacity of a child to commit an act of negligence: "In Virginia the settled doctrine in this respect is that a child under 7 years of age cannot be guilty of negligence, and that as to children between 7 and 14 years of age the presumption is they are incapable of exercising care and prudence and this presumption prevails unless rebutted by sufficient proof to the contrary." In Louisiana the view prevails that a child 7 years old is considered as incapable of contributory negligence in the absence of a showing of extraordinary conditions. *Jackson v. Jones*, 224 La. 403, 69 So. 2d 729; *Bodin v. Texas Co.*, La. App., 186 So. 390; *Borman v. Lafargue*, La. App., 183 So. 548.

In an annotation in 107 A.L.R., beginning on page 107, is given a long list of decisions from many jurisdictions, which the annotation states supports the rule that a five-year-old child is incapable of contributory negligence. The annotation says this would seem to be the correct rule. Later cases to the same effect are cited in an annotation in 174 A.L.R., p. 1123, and on pp. 1123 and 1124, cases are cited, which take a contrary view. See also annotation in L.R.A. 1917F, pp. 57-60.

In the annotation in 107 A.L.R., p. 114 *et seq.*, is given a list of numerous cases from many jurisdictions, which support the rule that a six-year-old child is incapable of contributory negligence. Later decisions to the same effect are given in the annotation in 174 A.L.R., p. 1125. See also annotation in L.R.A. 1917F, p. 60 *et seq.* These annotations also cite numerous cases from many jurisdictions, which take a contrary view.

Defendant relies upon *Alexander v. Statesville*, 165 N.C. 527, 81 S.E. 763. In that case the jury answered the first issue No, and what the Court said in its opinion as to contributory negligence of a child was not essential to the determination of the appeal. Anything therein said, that can be, or might be, construed to the effect that in North Carolina a child under 7 years of age is capable of contributory negligence, is disapproved.

The trial court committed prejudicial error in submitting to the jury the second issue of contributory negligence of plaintiff's intestate, which entitles plaintiff to a

New trial.

RODMAN, J., dissenting: I dissent because I am unable to agree with the conclusion reached by the majority that a child who has passed his sixth but has not reached his seventh birthday is so lacking in mental capacity and judgment that under no circumstances can he be held responsible for his conduct. I think the conclusion reached is contrary to common experience.

The fallacy of the conclusion is, I think, illustrated in our public schools. By constitutional mandate we provide a public school system for children when they reach the age of six. Enrollment in the first grades in North Carolina approximates 110,000. These children travel to and from school 180 days a year. They travel as pedestrians, by buses operated by the schools, and by public utilities. They travel in all kinds of traffic. The paucity of casualties resulting therefrom demonstrates, I think, these children have more intelligence and judgment than the decision in this case accords them.

The question now presented has not heretofore been decided by this Court. Appellate courts of sister States are divided on the question. Uniformity is not always true in the decisions of a particular State. I think the correct rule of law was stated by this Court in *Alexander v. Statesville*, 165 N.C. 527, 81 S.E. 763. The opinion in that case gives plaintiff's age as "about seven years old." The record discloses he lacked 36 days of reaching the age of seven. The rule there stated is epitomized in the quotation which Justice Walker makes from *Rolin v. Tobacco Co.* 141 N.C. 300: " 'It is hardly necessary to add that contributory negligence on the part of the minor is to be measured by his age and his ability to discern and appreciate the circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his years may be expected to possess. As the standard of care thus varies with the age, capacity, and experience of the child, it is usually, if not always, when the child is not wholly irresponsible, a question of fact for the jury whether a child exercised the ordinary care and prudence of a child similarly situated; and if such care was exercised, a recovery can be had for an injury negligently inflicted, no matter how far the care used by the child falls short of the standard which the law exacts for determining what is ordinary care in a person of full age and capacity . . .' "

It is true that the rule as to the responsibility of a child under seven declared in the Alexander case was not essential to a decision of that case and for that reason is entitled only to that weight which logic and reason justify. That is likewise true of the language used in *Caudle v. R. R.*, 202 N.C. 404, 163 S.E. 122, cited and relied upon by the majority. There damages were sought for the death of a twelve-year-old boy. Defendant demurred to the complaint for that on its face it showed that plaintiff's intestate was guilty of contributory negligence. Contributory negligence is an affirmative defense which must be pleaded. G.S. 1-139. It cannot be raised by demurrer to the complaint.

It is to be noted that the Court which decided the Caudle case held in *Tart v. R. R.*, 202 N.C. 52, 161 S.E. 720, that a boy eleven years, seven months of age was guilty of contributory negligence as a matter of law, saying: "The doctrine is settled that a child is not chargeable with the same degree of care as an experienced adult and that the standard of conduct varies with his age, capacity and experience; but he must exercise care and prudence equal to his capacity. *Alexander v. Statesville*, 165 N.C. 527."

Conceding, as the majority states, that the holding in *Morris v. Sprott*, 207 N.C. 358, 177 S.E. 13, is consistent with the result reached in *Caudle v. R. R.*, it must, I think, also be conceded that the Court did not intend to disapprove the rule enunciated in *Alexander v. Statesville* which it cites and relies on as the basis for its opinion.

As the majority point out, we have several decisions to the effect that children under school age cannot be, as a matter of law, guilty of contributory negligence. No decision has been discovered by this Court determinative of the question as it relates to a child six years of age. I think the reasons given in the cases cited support the position taken by Judge Moore and require, upon appropriate facts, the submission of the issue to a jury. If children of an age compelled to attend school are to be relieved of all responsibility for their acts, I think it should be done by legislative action rather than by judicial decision.

WINBORNE, C. J., concurs in dissent.