WILMA ANNE WEEKS, BY HER NEXT FRIEND JAMES E. WEEKS v. MARTIN RAYMOND BARNARD.

(Filed 22 September, 1965.)

**1. Automobiles § 421;    Negligence § 16—**

A finding by the jury of contributory negligence on the part of a child almost eight years old is upheld upon evidence tending to show that the child looked both ways before crossing the highway to a mail box and then whirled around and ran back into the path of defendant's vehicle when it was some 65 to 75 feet away.

**2. Same—**

While a child between the ages of 7 and 14 is presumed incapable of contributory negligence, such child may be found to be contributorily negligent if such child fails to exercise that degree of care commensurate with her knowledge, age, capacity, discretion and experience.

APPEAL by plaintiff from *Parker, J.,* January 1965 Civil Session of PASQUOTANK.

Action for personal injuries.

On April 19, 1956 plaintiff lacked 7 days of being 8 years old. On that day, as she attempted to cross a rural paved road 1.8 miles west of Elizabeth City, she was struck and injured by a station wagon driven by defendant. In the collision plaintiff sustained injuries which rendered her unconscious for 15 days. Plaintiff alleges, and at the trial offered evidence tending to show, that the collision and her resulting injuries were proximately caused by defendant's negligence in that he drove the station wagon at an unlawful rate of speed, without keeping a proper lookout and without having it under proper control, and that he failed to sound his horn upon seeing the minor plaintiff near the highway.

In his answer defendant denies that negligence on his part was a proximate cause of plaintiff's injuries, and pleads her contributory negligence in bar of her right to recover. His evidence tended to show: When he was about 200 feet away, traveling in an easterly direction, defendant saw plaintiff come to the north edge of the pavement, look both ways, and cross the highway to safety. She went to a mail box and then "whirled around and ran back into the path of the vehicle" when it was 65-75 feet away. Defendant applied his brakes, pulled to

the left, and struck the child at 15-20 MPH, 5-6 feet from the south side of the road.

At the time of the trial plaintiff lacked about four months of being 17 years old. She had apparently fully recovered from her injuries.

The jury, in answer to the issues submitted, found that plaintiff was injured by defendant's negligence as alleged in the complaint and that plaintiff, by her own negligence, contributed to her injury as alleged in the answer. From a judgment that she recover nothing, plaintiff appeals, assigning errors in the judge's charge on contributory negligence.

*Russell E. Twiford; Merrill Evans, Jr.; Aydlett and White for plaintiff appellant.*

*LeRoy, Wells & Shaw for defendant appellee.*

PER CURIAM. Between the ages of 7 and 14, a minor is presumed to be incapable of contributory negligence. *Ennis v. Dupree,* 258 N.C. 141, 128 S.E. 2d 231; *Phillips v. R. R.,* 257 N.C. 239, 125 S.E. 2d 603. This presumption, however, may be overcome by evidence that the child did not use the care which a child of its age, capacity, discretion, knowledge, and experience would ordinarily have exercised under the same or similar circumstances. *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124; *Caudle v. R. R.,* 202 N.C. 404, 163 S.E. 122. A child "must exercise care and prudence equal to his capacity." *Tart v. R. R.,* 202 N.C. 52, 55, 161 S.E. 720, 721; see also *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; Annot., 107 A.L.R. 4, 40, 94. If it fails to exercise such care and the failure is one of the proximate causes of the injuries in suit, the child cannot recover. *Morris v. Sprott,* 207 N.C. 358, 177 S.E. 13; *Tart v. R. R., supra; Foard v. Power Co.,* 170 N.C. 48, 86 S.E. 804, and cases therein cited.

The trial judge fully explained these and all other applicable principles of law to the jury. After carefully considering his charge as a whole we find no reasonable cause to believe that the jury was misinformed or misled by it. A new trial is not warranted.

No error.