***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission upon reconsideration of the evidence reaches the same facts and conclusions as those reached by the Deputy Commissioner except for modification of the award and enters the following Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Jessica Ruiz (hereinafter "plaintiff"), a minor, suffered an injury on or about September 16, 1997. She was born June 7, 1989 and was age 8 years and 3.5 months at the time of the incident.
3. Any injuries to the minor plaintiff occurred when she was struck by an automobile driven by Evelyn Lamm Barwick, who is not a party to this action. Further, Evelyn Lamm Barwick and defendant herein were both parties to an action pending in the Superior Court Division of the General Court of Justice of Wayne County, and as a result of settlement reached in that case between plaintiff and Evelyn Lamm Barwick, defendant herein is entitled to a credit of $1,000.00 for damages paid by the automobile liability carrier for Evelyn Lamm Barwick.
4. The following exhibits were stipulated into evidence by the parties at the hearing before Deputy Commissioner Glenn:
a. Stipulated Exhibit 1-DMV 349
 b. Stipulated Exhibit 2 — note to school
 c. Stipulated Exhibit 3 — handwritten note to Ethel Britt
 e. Stipulated Exhibit 4 — school bus report
 f. Stipulated Exhibit 5 — medical records of Jennifer Ruiz
 g. Stipulated Exhibit 6 — medical expense report of Jennifer Ruiz
 h. Stipulated Exhibit 7 — itemization of Exhibit 6 medical expense report of Jennifer Ruiz
 i. Stipulated Exhibit 8 — medical records of Jessica Ruiz
 j. Stipulated Exhibit 9 — medical expense summary of Jessica Ruiz
 k. Stipulated Exhibit 10 — medical bills of Jessica Ruiz
 l. Stipulated Exhibit 11-deposition of Dr. Frederick L. Davis
 m. Stipulated Exhibit 12 — photos of eastbound scene of accident
 n. Stipulated Exhibit 13 — photos of westbound scene of accident
5. The parties filed a Pre-Trial Agreement and an Addendum to the Pre-Trial Agreement. The Addendum stipulated that for all purposes, all evidence received in this claim may be used in the companion case involving plaintiff's sister, Jennifer Ruiz (I.C. No. TA-16320).
6. The issues before the Commission are whether plaintiff, a minor, was injured by the negligence of defendant; was plaintiff, a minor, contributorily negligent; what amount of damages, if any, is plaintiff entitled to recover of and from defendant for the injuries and expenses sustained; what amount of damages are the parents of the minor plaintiff, Jessica Ruiz, entitled to recover?
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was fourteen years old. On September 16, 1997, plaintiff was 8 years old with a birthday of June 7, 1989.
2. On September 16, 1997, plaintiff was a student in the Wayne County Public Schools. Plaintiff was on a school bus driven by Ethel Britt and owned by defendant. Ms. Britt was named in plaintiff's affidavit as the negligent state employee. The school bus transported elementary school children.
3. Plaintiff and Jennifer, her older sister, had been riding the school bus operated by Ms. Britt twice a week for approximately two weeks. The sisters got off the bus at the regular stop in front of Creation Station along with other children who went to the after-school care program at Creation Station. Creation Station is located off the right hand side of the road and the children attending the center did not have to cross the street after exiting the school bus. Plaintiff and her sister did not attend the after-school program at Creation Station but got off the bus at this stop to go to the home of Marian Strang from whom they were taking English lessons. Upon exiting the bus, plaintiff and her sister had to cross the street to get to Mrs. Strang's home.
4. On September 16, 1997, plaintiff and Jennifer got off the school bus being operated by Ms. Britt at approximately 1:20 p.m. in front of Creation Station with a number of other children. After getting off the bus, plaintiff and her sister walked along the side of the road to the rear of the bus and just as the bus was pulling off, plaintiff and Jennifer darted out into the roadway behind the bus in an attempt to cross the street. As plaintiff and Jennifer were crossing the roadway, Jennifer was struck by an automobile being operated by Evelyn Lamm Barwick coming from the opposite direction in which the school bus was traveling. Ms. Barwick indicated that she observed the stop sign on the bus go down and as the school bus pulled off, she saw a flash of color dart into the street. Ms. Barwick swerved to the right and applied her brakes in an attempt to miss plaintiff and her sister. Mrs. Barwick was not able to avoid hitting plaintiff and Jennifer.
5. Timothy Warrick was the driver of the vehicle directly behind the school bus being driven by Ms. Britt. He saw plaintiff, Jennifer and the other children get off the bus on September 16, 1997. Mr. Warrick stated that the bus stopped and a number of children got off. The children were playing in the ditch not far from the road. Mr. Warrick was sitting in his vehicle with his foot on the brake waiting to see what the children were going to do. Mr. Warrick noticed plaintiff and Jennifer leave the group and realized that they were going to cross the street just as the bus was pulling off. He also saw a car coming from the opposite direction.
6. Plaintiff and Jennifer ran out into the street behind the bus, in front of Mr. Warrick's vehicle and in front of the oncoming car driven by Ms. Barwick. Jennifer was knocked up on the hood and windshield of the car that struck her and then she fell into the street. Plaintiff's foot was struck by the vehicle. Plaintiff was screaming and pulling on Jennifer, who was not moving. Mr. Warrick got out of his vehicle to prevent another vehicle from hitting either child. Mr. Warrick attempted to find out where the sisters were going but plaintiff spoke no English.
7. Immediately after the accident, the children on the bus told Ms. Britt that plaintiff and her sister had been hit by a car. Ms. Britt stopped at her next scheduled stop and contacted the school and the bus garage to inform them that a child had been hit by a car.
8. Plaintiff had a total of $1,063.28 in medical expenses as a result of treatment for the injuries she sustained in the accident of September 16, 1997 and was treated at Wayne Memorial Hospital following the accident. Plaintiff received counseling from April 24, 1998 to June 25, 1998. The parties have stipulated that plaintiff's injuries occurred when plaintiff was involved in the accident that is the subject of this claim. There is no evidence of record whether these medical expenses have been paid and, if so, by whom they were paid.
9. The director and other employees at Creation Station had observed plaintiff and Jennifer cross the street as the bus pulled away each time the sisters got off the school bus at this location. However, Ms. Britt, the bus driver, denied that she had observed the sisters crossing the street as she pulled away on previous occasions. Amanda Bill, Director of the Creation Station Child Care on the date of the incident, testified that she contacted Grantham School to notify the school about the actions of the children, but she did not speak directly to the bus driver. No one from Grantham School told Ms. Britt about the call from Ms. Bill.
10. Plaintiff's father, with Ms. Strang's assistance, sent notes to the assistant principal notifying the school that plaintiff and Jessica were to ride the bus driven by Ms. Britt. The only note in evidence requested that the children be dropped off on September 9, 1997 and September 11, 1997 and read: "Please allow my daughter [sic] to ride the bus that will drop them off at the Creation Station Day Care Center on Old Grantham Road on Tuesday Sept. 9 and Thursday Sept. 11. If there are any questions please call Marian Strang 735-6058." The note was signed by Egdar Ruiz Lugardo. Ms. Britt stated this note was placed in her mailbox prior to September 9, 1997. Ms. Britt made no effort to clarify the contents of the note by contacting Ms. Strang or by talking to plaintiff or her sister. Although Ms. Britt assumed that the Ruiz children were attending after-school care at Creation Station, the note merely states that the children were to be dropped off there.
11. Plaintiff and her sister were the only Hispanic children getting off the bus at Creation Station. Ms. Britt had no conversations with the Ruiz children in which they verbalized a response. Instead, plaintiff and her sister nodded or shook their heads when Ms. Britt spoke to them.
12. Ms. Britt stated that as the bus driver it was her responsibility when children got off the bus to see that all the children exited the bus and were far enough away from the street to be out of harm's way. Ms. Britt also stated that children crossing the street after getting off the bus must walk in front of the bus. It was Ms. Britt's responsibility to see that the children reached a place of safety before she drove away.
13. Ms. Britt testified that plaintiff, her sister and the other children got off the bus on September 16, 1997 and went halfway between the bus and Creation Station before she started to pull off from this stop. However, the greater weight of the evidence, including the testimony of plaintiff, Jennifer Ruiz and Mr. Warrick, shows that the group of children were playing in the ditch beside the road and were not halfway to Creation Station. Although Ms. Britt counted the children as they got off the bus, she saw a group of children playing and failed to count them again or to ascertain the whereabouts of the minor plaintiff and her sister before pulling away.
14. There was no evidence offered at the hearing before the Deputy Commissioner to show that Ms. Britt or any other employee of defendant had instructed plaintiff or her sister concerning the proper way to exit the bus and cross the street. Plaintiff and her family were from Mexico and had been in the United States for approximately eight months. The Ruiz children had first enrolled in school in the United States in August 1997, the start of the school year. There was no evidence that prior to enrolling in school in Wayne County, North Carolina, plaintiff and/or her sister had ever ridden a school bus or that they had been instructed on procedures to get on and off a school bus or how to safely cross the street after getting off a school bus.
15. There was no evidence offered at the hearing before the Deputy Commissioner that established that plaintiff was negligent when she got off the bus and thereafter proceeded into the street behind the school bus.
16. The parties stipulated at the hearing before Deputy Commissioner Glenn that Ms. Barwick was a defendant in an action in Superior Court Division of the General Courts of Justice of Wayne County and that as a result of a settlement reached in that case, defendant herein is entitled to a credit in plaintiff's case of $1,000.00 for damages paid by the automobile liability insurance carrier for Ms. Barwick.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Our courts have held that the presence of children on or near a roadway is a warning signal to motorists. The duty to exercise a high degree of caution in order to meet the standard of care required of motorists who see or by the exercise of ordinary care should see children on a roadway applies with even stronger emphasis to operators of school buses transporting children. Brown v. Board of Education, 269 N.C. 667,153 S.E.2d 335 (1967); Greene v. Board of Education, 237 N.C. 336,75 S.E.2d 129 (1953).
2. Defendant's named employee, Ethel M. Britt, was negligent on September 16, 1997, when in her capacity as a school bus driver for defendant she failed see that plaintiff was in a place of safety before putting her school bus in motion. Greene v. Board of Education, supra. As the Court of Appeals stated in Slade vs. New Hanover Board of Education,10 N.C. App. 287, 178 S.E.2d 316, cert. denied, 278 N.C. 104,179 S.E.2d 453 (1971):
 "What constitutes a place of safety depends upon the age, experience and ability of the passenger. A place of safety for an eighteen-year-old high school senior of ordinary experience and intelligence might be a place of peril for an inexperienced six-year-old first grader. The care which a school bus driver must exercise toward a school bus passenger is proportionate to the degree of danger inherent in the passenger's youth and inexperience."
Id. at 295, 179 S.E.2d at 321. The Court went on to hold that the responsibility of the school bus driver was not limited to the mere discharge of the minor child in a place where he would be safe so long as he remained there. Id. In the present case the minor plaintiff was eight years old, very inexperienced in riding a school bus, and had never been instructed on the proper ways to exit a school bus and cross streets. The language barrier that plaintiff faced further increased her risk in that she could not inquire about crossing the road or inform Ms. Britt where she was going. All of these factors increased the duty of care owed by Ms. Britt to plaintiff. Id.
3. On September 16, 1997 the negligence of defendant's named employee Ethel Britt was the proximate cause of plaintiff's injuries. N.C. Gen. Stat. §§ 143-291, -300.1.
4. Plaintiff was not contributorily negligent and therefore is not barred from recovery against defendant. Defendant failed to overcome theprima facie presumption that a child between the ages of seven and fourteen is incapable of contributory negligence. Walston v. Greene,247 N.C. 693, 102 S.E.2d 124 (1958).
5. Negligence on the part of the bus driver is not insulated by negligence on the part of the driver of the vehicle that struck the minor. Hughes v. Thayer, 229 N.C. 773, 51 S.E.2d 488 (1949).
6. As the direct result of the automobile accident of September 16, 1997 plaintiff
 sustained personal injuries which required medical treatment. Plaintiff is entitled to recover from
 defendant all medical expenses incurred by plaintiff as a result of her injuries.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 ORDER
1. Defendant shall pay plaintiff $12,000.00 for the personal injuries and medical expenses incurred as a direct result of the automobile accident of September 16, 1997, subject to attorney's fees awarded below and the stipulated credit of $1,000.00 due defendant, as well as payment of the medical expenses. The balance of said amount shall be paid to the Clerk of Superior Court of the county where plaintiff resides and held until she reaches the age of majority, and then paid to plaintiff.
2. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be deducted from the sum due plaintiff and paid directly to her attorney.
3. Defendant shall pay the costs of this action.
This the ___ day of September 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER